**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James R. MADDEN,
Defendant-Appellant.**

**No. 75–1861
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1976.

Robert W. Tinnell, El Paso, Tex. (Court-appointed), for defendant-appellant.

Patrick Shovlin, U. S. Atty., San Antonio, Tex., Michael T. Milligan, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

James P. Madden appeals from his conviction on three counts of violating 8 U.S.C. § 1324(a)(2) (1970) by transport-

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y.,* 5th Cir. 1970, 431 F.2d 409, Part I.

ing within the United States aliens illegally in this country. Finding no reversible error, we affirm.

■ Madden contends that the district court erred in six respects: 1) by allowing amendment of the indictment after it had been read to the jury; 2) by allowing to testify a government agent who had been present in the courtroom during the trial after the rule had been invoked; 3) by permitting a government witness to testify to a phone conversation between the defendant and a third party that took place after he was in custody; 4) by refusing to charge and instruct the jury on a lesser included offense; 5) by accepting the report of the probation department, allegedly based on nonrehabilitative purposes; and 6) by permitting a conviction upon insufficient evidence. With the exception of ground 4)—propriety of an instruction on a lesser included offense—every error asserted is so clearly without merit as to warrant no discussion.

The record of the trial discloses the following colloquy between court and counsel:

THE COURT: Mr. Tinnell, what if anything would you have me charge the jury further?

MR. TINNELL: I would request an instruction, Your Honor, on a lesser included offense.

THE COURT: I can't do it in Federal Court in this kind of case where there is no basis for doing it. The U. S. Attorney has just taken the chance, it's either all or nothing at all. There is no way I can do it. I have no method of doing it. How would you suggest we do it?

MR. TINNELL: It would be another section of the law.

THE COURT: In this particular case, this man is either convicted beyond a reasonable doubt of the charges made by the Grand Jury

or he is acquitted. So he doesn't have to run the gantlet. That's the Government's option at best.

Madden contends that an instruction permitting conviction for aiding and abetting the entry of illegal aliens, based on a combination of the provisions of 18 U.S.C. § 2 and 8 U.S.C. § 1325 (1970), should have been given. We disagree.

■ A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element not required for conviction of the lesser-included offense. *United States v. Rogers*, 504 F.2d 1079, 1085 (5th Cir. 1974), *quoting Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965). We cannot be certain, from the record and briefs, what the missing element is. Although Madden's brief implies that the disputed element missing in the lesser included crime is guilty knowledge, a conviction under 18 U.S.C. § 2 also requires such guilty knowledge. However, we do not choose to rest our affirmance on this point on any ruling on this ground.

Rather, we hold that Madden failed to state to the trial judge "distinctly . . . the grounds of . . . objection," as mandated by Fed.R.Crim.P. 30. Rule 30 places the burden of clear objection on counsel to assure that the court weighed its charge in light of the specific objection counsel wished to urge. The quoted portion of the record demonstrates that when the district court asked defendant's counsel to explain his theory, the latter replied with only the vaguest generality. Madden's defense on this point is unusual at best, too unusual to expect the district court to extract its outlines from the statement given by counsel. Without deciding that the instructions contained error at all, we hold they were not plainly in error for failure to charge on this claimed lesser included offense.

Affirmed.