David ROYSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 60161.

Court of Criminal Appeals of Texas,
Panel No. 2.

May 20, 1981.

On Rehearing Sept. 23, 1981.

Rehearing Denied Oct. 21, 1981.

Antonio Cantu, on appeal only, Alan E. Battaglia, San antonio, for appellant; David K. Chapman, San Antonio, of counsel.

Bill M. White, Dist. Atty., Bill Harris, Joe F. Brown, Jr. and Edward J. Coffey, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of robbery. The punishment, enhanced by two prior felony convictions, is imprisonment for life.

The appellant asserts that: (1) the trial court erred in overruling his motion to quash the indictment which he says does not allege the offense in plain and intelligible language; (2) in overruling his motion to quash the enhancement paragraphs of the indictment; (3) in refusing to submit requested charges for lesser included offenses; (4) in overruling his objection to his in-court identification; and (5) in overruling his motion for mistrial after the prosecutor allegedly asked an improper question.

The indictment alleges in pertinent part: "... on or about the 16th day of OCTOBER, A. D. 1977, DAVID ROYSTER, hereinafter called defendant, did then and there intentionally and knowingly cause bodily injury to RONALD SIMMONS, while the said defendant was in the course of committing theft of property, namely: ONE (1) PURSE, from MRS. DAN WARD, JR., the owner of said property, without the effective consent of the said MRS. DAN WARD, JR., and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property;"

■ The complaint is that the indictment does not charge the offense of robbery in plain and intelligible language as required by Art. 21.02, Sec. 7, V.A.C.C.P. Specifically, the appellant says it does not allege from whom the purse was taken and does not allege that the appellant knowingly or intentionally committed or attempted to commit the theft from either Ronald Simmons or Mrs. Dan Ward, Jr. It is alleged in the indictment in plain and intelligible language that Mrs. Dan Ward, Jr. was the victim of the theft; her purse was alleged to have been taken. Also, it is alleged that in the course of committing that theft the appellant caused bodily injury to Ronald Simmons.

The holding in *Servance v. State*, 537 S.W.2d 753 (Tex.Cr.App.1976) is that in the offense of robbery the victim of the theft or attempted theft and the person injured or threatened need not be the same. In the indictment in that case, although the phrases may be in different order, the allegations are substantially the same as in this case. The indictment in the instant case is sufficient.

■ Next the appellant complains: "The trial court erred in overruling appellant's motion to quash both enhancement paragraphs because there was no reference to the authenticity of the sentences included in either prison packet certification." We interpret this ground of error to be addressed to the insufficiency of the pleading, and the decision in *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr.App.1978) controls. There it was said:

"Further, and more importantly, we observe that if the proof failed to support the enhancement allegations the punishment could not be legally enhanced. But this would not be grounds to quash that portion of the indictment. The office of a motion to quash an indictment is normally addressed to the sufficiency of the allegations therein, and not to whether there may be or is a variance between the allegata and probata."

Whether or not the evidence is properly admissible and whether it supported the allegations regarding the enhancement of punishment may not be tested by a motion to quash. *Johnson v. State*, 126 Tex.Cr.R. 356, 71 S.W.2d 280 (1934); *Tinker v. State*, 77 Tex.Cr.R. 506, 179 S.W. 572 (1915). The trial court did not err in refusing to quash the indictment.

Complaint is made that the trial judge refused to submit to the jury appellant's requested charges on the lesser included offenses of assault causing bodily injury and theft from the person. He argues that the indictment alleges an assault against Ronald Simmons and theft from the person of Mrs. Dan Ward, Jr., and that these of-

fenses are separate offenses against two different individuals. That a lesser offense is included within the offense alleged does not necessarily require a jury charge on the lesser offense. It is only when there is conflicting evidence concerning an element of the greater offense which is not an element of a lesser offense that a charge on lesser included offense need be given. The rule stated another way by Mr. Justice Goldberg in *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) is:

> "A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense."

See *Watson v. State*, 605 S.W.2d 877 (Tex. Cr.App.1980; Dally, J., concurring in part and dissenting in part); *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1958); *Sparf v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895); *United States v. Madden*, 525 F.2d 972 (5th cir. 1976); *Yates v. United States*, 384 F.2d 586 (5th Cir. 1967).

The pertinent facts will be summarized. Mr. and Mrs. Dan Ward, Jr., and Mr. and Mrs. Walter S. Falk, Jr., were among a large group of people who were in San Antonio attending a conference of the Texas Municipal League. They left one of the social events and were walking toward a parking lot when Mr. Falk, who was the Mayor of Rockport, heard a scuffle in front of him where the Wards were walking and heard Mrs. Ward exclaim: "Oh, no!" Then Falk saw a man running past him with Mrs. Ward's purse. Falk started to chase the man who ran into some bushes. Falk thought the man was going to surrender, but a lady then warned Falk that the man had a knife. The man came face to face with Falk at a distance of about three feet and slashed at Falk twice. Falk testified he got a good look at the man at this time. The man continued his attempt to escape; officers and several other men pursued him. During the chase the man cut Ronald Simmons with a knife. The man was caught by those who had been pursuing him. Falk identified the appellant on the scene and at the trial as the man that he chased and the man who brandished the knife. The appellant did not testify or present any evidence and rested with the State.

The evidence does not raise issues which would have required the court to submit to the jury the requested charges on the lesser included offenses.

■ Appellant argues that his trial identification by the witness Falk was tainted by an impermissibly suggestive pretrial photographic identification procedure and that the in-court identification by that witness was not shown to be of independent origin.

During a suppression hearing the trial court ruled that Falk could not identify the appellant for the jury. Thereafter Falk's testimony was interrupted; the jury was removed and more testimony was elicited in the suppression hearing. After the trial judge heard this additional testimony he ruled that Falk could identify the appellant for the jury.

Appellant's complaint stems from an incident which occurred at the police station when Falk was there to make a written statement concerning this offense. There was no lineup and Falk was not shown a photographic spread. Falk saw a photograph of the appellant on a desk and volunteered that that was the man who grabbed the purse. An officer then told Falk the appellant's name.

The trial judge did not err in allowing Falk to identify the appellant. The evidence supports the trial judge in finding that the witness' ability to make an in-court identification had an origin independent of the alleged improper photographic identification. *Thomas v. State*, 605 S.W.2d 290 (Tex.Cr.App.1980); *Komurke v. State*, 562 S.W.2d 230 (Tex.Cr.App.1978).

■ The appellant urges that the court's failure to grant a mistrial was reversible error. The court sustained an objection and instructed the jury to disregard a question

asked by the prosecutor on redirect examination. The question to the witness Falk was: "Another distinctive characteristic about this defendant is that he committed a crime right in front of your eyes. Isn't that correct?" If the question was not proper, it was certainly harmless in view of the evidence and the court's ruling.

The judgment is affirmed.

CLINTON, Judge, dissenting.

Some six months ago, in *Watson v. State,* 605 S.W.2d 877 (Tex.Cr.App.1980), my Brother Dally and I dissented separately against further application of the "guilty only" test of *Daywood*[1] *McBrayer*[2] in determining whether a charge on a lesser

included offense should be given. However, we were unable to agree on what the proper standard is. He urges adoption of a federal rule[3] whereas I opt for the law that was fully developed and followed in this State long before the pure dicta of *Daywood* was turned into conventional cant by rote, *Watson,* supra, 887–888.

Now, writing for the Court Panel in this cause, Judge Dally has restated the *Sansone* rule, which the Court En Banc has just resisted in *Watson v. State.* Though I respectfully disapprove of the continued adherence to the *Daywood/McBrayer* test, I cannot agree to adopt the federal *Sansone* rule.[4]

Accordingly, I must dissent.

---

**1.** *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952).

**2.** *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr. App.1974).

**3.** In *Sansone v. United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), the source of the rule advocated by Judge Dally, Justice Goldberg explained that it is a creature of judicial sanction of distinctive legislative policy considerations, *id.* 350, n. 6, 85 S.Ct. 1009, n. 6: "This Court has long recognized that to hold otherwise would only invite the jury to pick between the felony and the misdemeanor so as to determine the punishment, a duty Congress has traditionally left to the judge." He went on to point out that the "general principle" was particularly applicable in *Sansone,* a willful tax evasion case, since legislative history of the statutes reflected a congressional objective that judges be enabled "to better fix the penalties to fit the circumstances."

Indeed, the most recent authority cited for the federal rule stated by Justice Goldberg, *Berra v. United States,* 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1958), is also a federal tax evasion prosecution in which the offense charged and that asserted to be a lesser included one "covered precisely the same ground." In deciding the contention in *Berra,* the Supreme Court insisted, 351 U.S. at 134–135, 76 S.Ct. at 687–688, on the strength of the case against jury nullification made by the majority in *Sparf v. United States,* 156 U.S. 51, 63–64, 15 S.Ct. 273, 39 L.Ed. 343 (1885), that "[t]he role of the jury in a federal criminal case is to decide only the issues of fact," and any questions "the assumed overlapping" of the two offenses raised "were questions of law for the court." The *Sparf* Court for its part, voiced similar insistences but, curiously enough, sounds much like *Daywood/McBrayer* in saying, "Upon a careful scrutiny of the evidence,

we cannot find any ground whatever upon which the jury could properly have reached the conclusion that the defendant Hansen was *only guilty* of an offence [sic] included in the one charged.... [emphasis mine]."

**4.** Contemporaneously with *Sparf,* however, the Supreme court decided *Stevenson v. United States,* 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896)—to this one Justice Goldberg did not allude. It arose in the Eastern District of Texas on an indictment for murder, and at the close of the evidence Stevenson requested a jury charge on manslaughter but was refused. Reversing on that ground alone, a unanimous Supreme Court analyzed the problem as follows:

"The question is whether the court erred in refusing this request. The evidence as to manslaughter need not be uncontradicted or in any way conclusive upon the question; so long as there is some evidence upon the subject, the proper weight to be given it is for the jury to determine. If there were any evidence which tended to show such a state of facts as might bring the crime within the grade of manslaughter, it then became a proper question for the jury to say whether the evidence were true and whether it showed that the crime was manslaughter instead of murder. * * * The evidence might appear to the court to be simply overwhelming to show that the killing was in fact murder, and not manslaughter or an act performed in self defence [sic], and yet, so long as there was some evidence relevant to the issue of manslaughter, the credibility and force of such evidence must be for the jury, and cannot be matter of law for the decision of the court."

It then found that there was "enough, in any view that could be taken of such evidence, to require the submission of the question of man-

Before the court en banc.

## OPINION ON COURT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for robbery. After the jury found appellant guilty, punishment, enhanced by two prior convictions, was assessed at life.

This cause has been resubmitted on the Court's motion with regard to the manner by which a penal of this Court, on original submission, disposed of appellant's fourth and fifth grounds of error. In those grounds of error, appellant maintains the trial court erred in refusing to submit his specially requested jury charges on the lesser included offenses of assault and theft. Appellant contends that while proving he committed a robbery, the State also proved the commission of an assault and a theft.

■ Betty Ward testified that on October 16, 1977, her purse was "snatched" on Market Street in San Antonio. Ronald Simmons pursued the individual who took Ward's purse. During the chase, Simmons received a knife wound above his left eye. Walter Falk identified appellant as the person who took Ward's purse. Appellant did not testify at trial or call any witnesses.

On original submission, the panel found no error in the court refusing to submit appellant's requested jury charges on assault and theft. In stating the rule of law applicable to the necessity of charging on a lesser included offense, the panel held:

"... It is only when there is conflicting evidence concerning an element of the greater offense which is not an element of a lesser offense that a charge on lesser included offense need be given. The rule stated another way by Mr. Justice Goldberg in *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) is:

" 'A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.'

"See *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980; Dally J., concurring in part and dissenting in part); *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1958); *Sparf v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895); *United States v. Madden*, 525 F.2d 972 (5th Cir. 1976); *Yates v. United States*, 384 F.2d 586 (5th Cir. 1967)."

In *Campbell v. State*, 571 S.W.2d 161, (Tex.Cr.App.) it was held that theft can be a lesser included offense of aggravated robbery. It has likewise been held that depending upon the facts proven, aggravated assault can be a lesser included offense of aggravated robbery. *Watson v. State*, 605 S.W.2d 877. In *McBrayer v. State*, 504 S.W.2d 445, (Tex.Cr.App.), it was held that merely because a lesser offense is included within the proof of a greater offense, a jury charge on the lesser is not required unless there is testimony raising such issue that the defendant, if guilty, is guilty only of the lesser offense.

■ Thus, in determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Eldred v. State*, 578 S.W.2d 721 (Tex.Cr.App.). This Court has consistently employed the two step analysis in recent opinions dealing with the necessity of a charge on a lesser included offense. See *Watson v. State*, supra; *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.

slaughter," but did not "intimate an opinion as to what the jury ought to find upon such evidence, taken in connection with all the other evidence, but it seems to us entirely clear that there was enough to ask the jury to decide whether the killing was ... murder or man-

slaughter." This, I respectfully submit, was the law in Texas prior to the advent of *Daywood/McBrayer*. See, e. g., *Liskosski v. State*, 23 Cr.R. 165, 3 S.W. 696 (1886), quoted in my dissenting opinion in *Watson*, supra.

App.); *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr.App.); *Wright v. State*, 582 S.W.2d 845 (Tex.Cr.App.); *Briceno v. State*, 580 S.W.2d 842 (Tex.Cr.App.); *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr.App.); *Williams v. State*, 575 S.W.2d 30 (Tex.Cr.App.).

In the instant case, while proving the robbery, the State likewise proved the theft from Ward and assault upon Simmons. Thus, the lesser included offenses of theft and assault were included within the proof necessary to establish the offense charged of robbery. However, there was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offenses of theft and assault. We find no error in the court refusing to submit appellant's specially requested jury charges on the lesser included offenses of theft and assault. Therefore, although the panel opinion failed to rely on the rule heretofore established by the cases of this Court, the disposition made of the grounds of error was nevertheless correct.

The judgment is affirmed.

DALLY, Judge, concurring.

I cannot agree that the *Daywood-McBrayer* rule is correct. I adhere to my views and the test set out on original submission.

ODOM, J., joins.

CLINTON, Judge, dissenting.

For the reasons given in my dissenting opinion on original submission, I continue to urge careful reexamination of the "guilty only" test of *Daywood-McBrayer* and, therefore, dissent to its application here.

ROBERTS and TEAGUE, JJ., join.