Avdeef v. Snow 






DISMISSED
JUNE 7, 1990

NO. 10-89-100-CV
Trial Court
# 176-88-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

STEPHEN M. AVDEEF,
   Appellant
v.

SHARON SNOW,
   Appellee

* * * * * * * * * * * * *

 From County Court at Law
Johnson County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This appeal was perfected from a judgment signed February 7,
1989. By joint motion, Appellant and Appellee state that the
matter in controversy has been fully settled and compromised and
neither party desires to pursue the appeal. The parties request
dismissal of the appeal.
The motion is granted. The appeal is dismissed.
PER CURIAM
DO NOT PUBLISH



0;                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,422
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Sue M. Milligan was indicted for the offense of injury to a child. Section 22.04,
Texas Penal Code. The indictment alleged that Appellant intentionally and knowingly, by
omission, engaged in conduct that caused serious bodily injury to a child. Trial was had to a jury
which found Appellant guilty of the offense of injury to a child by recklessly, by omission, causing
serious bodily injury to a child. Article 6.03, Texas Penal Code, sets out the definitions of
"intentionally," "knowingly," and "recklessly."
      Punishment was tried to the court which assessed Appellant's punishment at seven years in
the Texas Department of Criminal Justice, Institutional Division, probated for seven years.
      Appellant comes to this court on two points of error. We overrule both points of error and
affirm the trial court's judgment.
      By her first point of error, Appellant asserts the trial court erred in refusing her motion for
an instructed verdict of not guilty.
      At the close of the State's case, the following motion was made by Appellant's counsel:
"May it please the Court, the State of Texas having rested its case-in-chief, before
the Defendant would offer any testimony I would move the Court for an instructed
verdict of not guilty in the following reasons: Number one, the State has failed to prove
beyond a reasonable doubt each and every allegation as set forth in the indictment
alleging this offense against this defendant as those terms are defined and used in the
Texas Penal Code, and for that reason, Your Honor, we would move for an instructed
verdict of not guilty."

      In her brief, Appellant now contends that the State presented no evidence to show that her
conduct was knowing or intentional. This contention is unsupported by any reference to the
record, case law, or authority.
      This contention on appeal is definitely different from the contention set out in Appellant's
motion for instructed verdict, as can be seen. The point of error on appeal, to the effect that there
is no evidence to support the allegations in the indictment that she knowingly or intentionally
caused serious bodily injury to a child, is raised for the first time on appeal, and is not preserved
for review. We accordingly overrule Appellant's first point of error. See Miller v. State, (Tex.
Crim. App. 1984) 667 S.W.2d 773.
      Appellant's second point of error asserts that the trial court erred when it included the
culpable mental state of recklessly in the charge to the jury because it allowed the jury to convict
Appellant under a theory not contained in her indictment and substantially lessened the burden of
proof required by the State to obtain a conviction. We do not agree. The jury found Appellant
guilty of recklessly causing injury to the child, whereas, the indictment charged her with
intentionally and knowingly causing the injury.
      The jury found Appellant guilty of a lesser-included offense of that charged by the indictment. 
Under Article 37.09(3), Texas Code of Criminal Procedure, "an offense is a lesser included
offense if . . . 
"(3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; . . . . "

      Our Court of Criminal Appeals has held that in determining whether a charge on a lesser-included offense is required, a two-step analysis is to be used. First, the lesser-included offense
must be included within the proof necessary to establish the offense charged. Secondly, there must
be some evidence in the record that would permit a jury rationally to find that, if the defendant is
guilty, he is guilty of only the lesser offense. Rousseau v. State, No. 70,910, slip op. at 4 (Tex.
Crim. App. February 24, 1993); Royster v. State, (Tex. Crim. App. 1981) 622 S.W.2d 442, 446. 
This rule has been applied by this court in Johnson v. State, (Tex. App.—Waco 1992, no pet.) 828
S.W.2d 511, 514; also see Richardson v. State, (Tex. App.—Waco 1992, pet. ref'd) 832 S.W.2d
168. 
      Appellant asserts that the inclusion of the term "recklessly" in the charge allowed the jury to
convict on a theory not pleaded, but this court, in Johnson v. State, 828 S.W.2d 511, 514, has
held that the elements of each lesser-included offense are considered to have been alleged within
the elements of the indictment alleging the greater offense.
      Both the State and Appellant have the right to request the inclusion of a lesser-included
offense in the court's charge. Richardson v. State, 832 S.W.2d 168, 171. We overrule
Appellant's second point of error.
      The judgment of the trial court is affirmed.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Chief Justice Thomas, 
      Justice Cummings and
      Justice James (Retired)
Affirmed
Opinion delivered and filed August 11, 1993
Do not publish