IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-296-CR





TOMMY LYNN SANDERS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. CR90-0187-A, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of murder. Tex. Penal Code Ann. § 19.02(a)(2)
(1989). The jury assessed punishment at imprisonment for forty years.

 In three points of error, appellant asserts that the district court erred by refusing
to instruct the jury on the lesser included offenses of voluntary manslaughter, involuntary
manslaughter, and criminally negligent homicide. Finding no error, we affirm.

 On February 25, 1990, there was a party at William Merriman's house in San
Angelo. Among those attending the party were Lena Miller, John Hyatt, Randy Villarreal (the
deceased), and appellant. A large amount of beer was consumed. Shortly after midnight, an
argument broke out between Miller and Villarreal. Villarreal hit the woman with a can of beer. 
Appellant responded to this by jumping on Villarreal and striking him with his fists. After this
brief scuffle ended, Villarreal left the scene on foot.

 Appellant and Hyatt got into Hyatt's car. Merriman joined them, apparently in
hopes of encountering Villarreal. Merriman stated his intention to kill Villarreal. After driving
a few blocks, the men saw Villarreal walking through Pecan Park. Appellant and Merriman left
the car and began to chase Villarreal. Appellant caught Villarreal, dragging him to the ground. 
Appellant repeatedly struck the victim with his fists, then got up when Merriman approached. 
Merriman began to strangle Villarreal with one hand and hit him with the other. Appellant
renewed his attack, kicking the victim in the face with his boot. Hyatt arrived and successfully
urged the men to stop their assault on Villarreal, who by this time was unconscious and near
death. Help was summoned, but Villarreal was dead by the time emergency personnel arrived.

 Appellant did not testify. Merriman testified that he was in his house when
Villarreal struck Miller. He did not remember his reaction when told of this incident, nor did he
remember why he got in the car with Hyatt and appellant. He testified that he did not remember
being enraged or in fear of Villarreal when he attacked him in the park. Merriman testified, "It
just got out of hand. I didn't realize it was that bad."

 The charge authorized appellant's conviction if the jury found that he committed
an act clearly dangerous to human life (hitting, strangling, or kicking the deceased) with the intent
to cause serious bodily injury. The charge also included an instruction on the law of parties, and
authorized appellant's conviction if he encouraged or aided Merriman's murder of the deceased
in the manner described.

 Voluntary manslaughter is murder committed under the immediate influence of
sudden passion arising from an adequate cause. Tex. Penal Code Ann. § 19.04 (1974). The only
provocative act committed by the deceased was striking Miller with a beer can. There is no
evidence that this act produced in either appellant or Merriman a degree of anger, rage,
resentment, or terror sufficient to render the mind incapable of cool reflection, much less that they
were in the heat of such passion when they later assaulted Villarreal in the park. Merriman
testified that he did not remember feeling any such passion. There is evidence that Villarreal's
act angered appellant, but there is no evidence that this anger continued after Villarreal left the
party. We conclude that the district court did not err by refusing to instruct the jury on voluntary
manslaughter, and overrule point of error one.

 In his argument under points of error two and three, appellant urges that in a
prosecution under § 19.02(a)(2), the charge should always include instructions on the lesser
offenses of involuntary manslaughter and criminally negligent homicide. That is incorrect. A
charge on a lesser included offense is required only if there is evidence that the defendant, if
guilty, is guilty only of the lesser offense. Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim.
App. 1981) (opinion on rehearing). The uncontradicted evidence in this cause shows that
appellant and Merriman chased a fleeing Villarreal, threw him to the ground, strangled him, and
pummeled him with their fists and feet. This attack continued after all resistance by Villarreal
ceased. There is no evidence that appellant or Merriman did not intend to cause serious bodily
injury to Villarreal, nor is there evidence that they failed to perceive, or consciously disregarded,
the risk that their actions would cause Villarreal's death. Tex. Penal Code Ann. § 6.03 (1974). 
Therefore, no issue of reckless or criminally negligent conduct is raised. In re S.D.W., 811
S.W.2d 739, 751-53 (Tex. App. 1991, no writ); Zepeda v. State, 797 S.W.2d 258, 263-65 (Tex.
App. 1990, pet. ref'd); see Mendieta v. State, 706 S.W.2d 651 (Tex. Crim. App. 1986). The
district court did not err by refusing to charge on involuntary manslaughter or criminally negligent
homicide.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: January 15, 1992

[Do Not Publish]