Kemp v. State (4 cases 95266-269) 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-266-CR
No. 10-95-267-CR
No. 10-95-268-CR
No. 10-95-269-CR

        SAMUEL TRAVIS KEMP,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court Nos. 21476CR, 21477CR, 21478CR & 21550CR
                                                                                                    

O P I N I O N
                                                                                                    

          Samuel Travis Kemp was charged with four offenses. He pled guilty to two counts of
robbery and not guilty to two counts of aggravated robbery. A jury found him guilty of the two
aggravated robberies and assessed his punishment at twenty years for each robbery and fifty years
for each aggravated robbery. In three points of error, he asserts that the court erred by: (1) failing
to include a charge on the lesser-included offense of robbery in one of the aggravated offenses
because (a) the evidence raised the issue and (b) the failure nullified a similar charge that was
given in the other; and (2) failing to give a instruction at the punishment hearing on temporary
insanity produced by voluntary intoxication.
THE OFFENSES
          The facts of the robbery offenses, to which Kemp pled guilty, are not at issue. The 
aggravated robberies occurred within a few minutes of each other—one at a car-wash, and the
other at a convenience store. Both victims testified.
          Nancy Morales was washing her car about 8:30 p.m. when Kemp accosted her with a knife
"two to three inches" long, demanded money, took money from her purse in the car and change
from her ashtray, and suggested by his actions that he might rape her. She said that she
"accidently" splashed him with water while he was holding her by her jacket. 
          Patricia Redlinger was working at a convenience store, and her daughter was sitting on the
counter. At about 8:30 p.m. Kemp came in, paced around, then came to the counter. He held an
open "pocket-knife" to her daughter's throat, and said "Do what I say or I'll kill you." Redlinger
emptied the cash register into a bank bag and gave it to Kemp. He left. She said that his clothes
were "wet."
          Based on a description that Redlinger gave and photo-spreads shown to Morales and
Redlinger, police identified Kemp as the robber, and he was charged over a month later.
          Kemp gave a written statement to police, in which he admitted robbing Redlinger but said
"I only had a key chain in the store. I did not have a weapon."

CHARGE REQUIRED ON 
LESSER-INCLUDED OFFENSE
OF ROBBERY?
          A defendant charged with an offense (the "greater offense") which has lesser-included
offenses may be found "not guilty" of the offense charged in the indictment but "guilty" of any
lesser-included offense. Tex. Code Crim. Proc. Ann. art. 37.08 (Vernon 1981). An offense
is a lesser-included offense if: (1) it is established by proof of the same or less than all facts
required to establish the greater offense, (2) it differs from the greater offense only in the respect
that proof of a less serious injury or risk of injury is sufficient to establish it, (3) it differs from
the greater offense only in the respect that proof of a less culpable mental state is sufficient to
establish it, or (4) it consists of an attempt to commit the greater offense or an otherwise included
offense. Id. art. 37.09 (Vernon 1981). 
          In determining whether a jury must be instructed concerning a lesser-included offense, a
two-step analysis must be applied. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App.), cert. denied, — U.S. —, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser-included offense must be included within the proof necessary to establish the offense charged. Id.
at 672. Second, there must be some evidence in the record that would permit a jury rationally to
find that if the defendant is guilty, he is only guilty of the lesser offense. Id. at 673 (clarifying the
test of Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981)). Anything more than a
scintilla of evidence is sufficient to entitle a defendant to a lesser charge. Bignall v. State 887
S.W.2d 21, 23 (Tex. Crim. App. 1994). However, it is not enough that the jury may disbelieve
crucial evidence pertaining to the greater offense; there must be some evidence directly germane
to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included
offense is warranted. Id. at 24.
          The question presented by Kemp's first point is whether any evidence exists in the record
that would permit a jury to rationally find that Kemp is guilty only of the lesser offense of robbery
of Morales. Id. He says that his statement to the police that he did not have a knife when robbed
Redlinger raises the issue of whether the robbery of Morales was aggravated. He argues
that—because of the proximity of the locations of the two offenses, the time-frame in which they
were committed, the facts that tend to link the two, and the fact that the State linked the two in the
presentation of its case—his statement is some evidence that he did not use a knife in the Morales
robbery. We disagree. We believe that his statement that he did not use a knife in the Redlinger
robbery constitutes no evidence, or no more than a scintilla, that he did not use a knife when he
robbed Morales. See id. Consequently, Kemp has failed to meet the second prong of the
Rousseau test. Rousseau, 855 S.W.2d at 673.
          Even if the statement were considered to be more than a scintilla of evidence that Kemp
did not have a knife when he robbed Morales, we would find that the failure to include a charge
on the lesser-included offense of robbery resulted in no harm, i.e., an absence of "some harm." 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (on rehearing). Factors that we
consider when conducting a harm analysis under Almanza include: (1) the charge itself; (2) the
state of the evidence; (3) counsels' arguments; and (4) any other relevant information in the
record. Hutch v. State, 1996 WL 149318, at *3 (Tex. Crim. App. April 3, 1996).
          Having rejected Kemp's version of the facts in the offense against Redlinger—as this jury
did, we do not believe that the jury would have found him guilty of only the lesser-included
offense of robbery of Morales. That is to say, we do not believe the jury would have found that
he did not have a knife during the first robbery—having heard no direct evidence that he did
not—while finding that he did have a knife during the second robbery—having heard from him that
he did not. Kemp's argument would be more plausible if the jury had made an implied finding
that he did not have a knife when he robbed Redlinger (by finding him guilty of the lesser-included
offense of robbery) but was prohibited from making a similar finding as to the offense against
Morales because the court did not offer it that choice in the charge. That did not happen.
          Kemp's second point—that the failure to charge on the Morales robbery negated the lesser
charge that was given on the Redlinger robbery—is equally without merit. Nothing in this record
suggests that the jury did not follow the court's instructions and consider whether Kemp was guilty
of only robbery of Redlinger. We must presume that the jury followed the charge in the absence
of evidence to the contrary. Id. at *2.
          Because we find that the court did not err in failing to include a charge on the lesser-included offense of robbery of Morales, or alternatively that it resulted in no harm, we overrule
points one and two.
CHARGE ON MITIGATION?
          Kemp presented evidence of his daily use of crack cocaine. He also produced medical
testimony that drug addition is a disease recognized by the medical profession. Dr. W. Lee
McNabb, a psychiatrist with twenty-eight years' experience, testified that he had evaluated Kemp
and determined that he was addicted to cocaine. He said that Kemp's addiction was a 9 or 10 on
a severity scale of 10. He said that with daily use of cocaine a person is always intoxicated and
it is "possible" that Kemp's addiction was such that he was unable to conform his behavior to the
requirements of the law. Kemp's third point addresses the court's refusal to submit an instruction
at the punishment-phase hearing that would have allowed the jury to mitigate his punishment due
to voluntary intoxication.
          Section 8.04 of the Penal Code provides:
Sec. 8.04. Intoxication

   (a) Voluntary intoxication does not constitute a defense to the commission of crime.

   (b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in
mitigation of the penalty attached to the offense for which he is being tried.

   (c) When temporary insanity is relied upon as a defense and the evidence tends to show that such
insanity was caused by intoxication, the court shall charge the jury in accordance with the
provisions of this section.

   (d) For purposes of this section "intoxication" means disturbance of mental or physical capacity
resulting from the introduction of any substance into the body.
Tex. Penal Code Ann. § 8.04 (Vernon 1994).
          Section (b) allows a defendant, at the punishment hearing, to show temporary insanity due
to voluntary intoxication. Id. The insanity must, of course, meet the Code's current definition
of insanity, i.e., that the defendant did not know that his conduct was wrong. See Hart v. State,
537 S.W.2d 21, 24 (Tex. Crim. App. 1976); Tex. Penal Code Ann. § 8.01(a) (Vernon 1994). 
The defendant must do more than merely present evidence of intoxication or even gross
intoxication. Arnold v. State, 742 S.W.2d 10, 14 (Tex. Crim. App. 1987).
          To sustain Kemp's point, we must hold that the evidence the jury heard, i.e., that a person
addicted to cocaine is always intoxicated to the extent that he cannot conform his conduct to the
requirements of the law, is sufficient to raise the mitigating issue of temporary insanity due to
voluntary intoxication at the time of a specific offense. Testimony that he was unable to conform
his conduct does not, however, speak to the issue of knowing that his conduct was wrong, so we
disregard the medical testimony. We find no evidence in the record that Kemp's condition was
such that he did not know that his conduct was wrong at the time of any of the four offenses. See
Cordova v. State, 733 S.W.2d 175, 190 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1240,
108 S.Ct. 2915, 101 L.Ed.2d 946 (1988). We overrule point three.
CONCLUSION
          Having overruled Kemp's points, we affirm the judgment.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Justice Cummings,
          Justice Vance, and
          Justice James (Retired)
Affirmed
Opinion delivered and filed June 19, 1996
Do not publish