TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00692-CR






Eric Phelps Yetton, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT

NO. 96-078-K277, HONORABLE JOHN CARTER, JUDGE PRESIDING







 This is an appeal from a conviction for two counts of aggravated robbery. Tex. Penal
Code Ann. § 29.03(a)(2) (West 1994). The jury found appellant, Eric Phelps Yetton, guilty, and the trial
court sentenced him in accordance with the jury verdict to fifty years' confinement in the Texas Department
of Criminal Justice, Institutional Division. By one point of error, Yetton contends that the trial court erred
in denying his request for a jury instruction on the lesser included offense of robbery. We will affirm the
judgment of the trial court.


BACKGROUND

 At approximately 2:00 a.m. on December 27, 1995, Yetton entered a convenience store
in Round Rock wearing a red jacket, pants, a black shirt, and black shoes. Yetton approached the check-out counter and told the store manager, Tom Fitch, and another store employee, Lars Hanson, "[t]his is
a robbery." Fitch asked Yetton if he was joking. In response, Yetton took his hand out of his pocket and
showed Fitch and Hanson a large knife with silver blade and black handle.

 After seeing the knife, Fitch gave Yetton several dollar bills of varying amounts from two
cash registers, including a two-dollar bill. (1) Yetton then took a package of disposable razor blades. While
Yetton was retrieving the razor blades from the aisle, Fitch hit the store's alarm button. Before leaving,
Yetton instructed Fitch to give him a carton of cigarettes. Fitch complied, and Yetton left the store. He
and two companions then drove off in a silver Chrysler Fifth Avenue.

 The store's alarm system had alerted the Round Rock police department to the incident. 
Police officers arrived at the store shortly after the robbery. Fitch and Hanson provided the officers with
descriptions of Yetton, the knife, and the getaway car. In response to a dispatch issued by the police
department, two Round Rock police officers stopped the automobile carrying Yetton and his companions
a short distance from the store.

 During their search of the vehicle and the passengers, the police officers found several
articles connecting Yetton to the robbery. They discovered a large knife with a silver blade and a black
handle in the pocket of the red jacket that Yetton had worn during the course of the robbery. (2) They also
found a carton of cigarettes and a pack of disposable razor blades in the front passenger seat of the car
where Yetton had been sitting. (3) Finally, Yetton was found trying to conceal several dollar bills of varying
values by shoving them into the back seat of the police car. These bills included a two-dollar bill.

 Appellant was indicted on two counts of aggravated robbery. At trial, Fitch and Hanson
identified Yetton as the man who had robbed them and also identified the knife found in the red jacket as
the one Yetton used while committing the crime. The jury found him guilty on both counts of aggravated
robbery and assessed his punishment at fifty years' imprisonment. Yetton appeals his conviction.

 Appellant does not challenge the sufficiency of the evidence on which he was convicted. 
His only complaint concerns the court's charge.


DISCUSSION


 A person who intentionally, knowingly, or recklessly uses or exhibits a deadly weapon
during the commission of a robbery commits the offense of aggravated robbery. Tex. Penal Code Ann.
§ 29.03(a)(2) (West 1994). The indictment alleged that, in the course of committing theft with the intent
to obtain or maintain control of property, appellant intentionally and knowingly threatened or placed both
Fitch and Hanson in fear of imminent bodily injury or death, (4) and that he used or exhibited a deadly
weapon, namely a knife, that in the manner of its use and intended use was capable of causing serious
bodily injury or death. (5) The court's charge instructed the jury that a person commits the offense of
aggravated robbery if he commits the offense of robbery and he uses or exhibits a deadly weapon. The
charge defined "deadly weapon" as anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.

 In his sole point of error, appellant contends that the trial court erred by denying his request
for a jury instruction regarding the lesser included offense of robbery. In determining whether a defendant
is entitled to an instruction on a lesser included offense, the court must employ the two-prong test set forth
in Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (opinion on rehearing). First, the
lesser included offense must be included within the proof necessary to establish the offense charged. 
Second, there must be some evidence in the record that would permit a jury to find that if the defendant
is guilty, he is guilty of only the lesser offense. Id. In making such a determination, we must review all of
the evidence presented at trial. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). If a
defendant presents evidence that he committed no offense at all or if he presents no evidence, and there
is no evidence otherwise raising the issue, then a charge on the lesser included offense is not required. 
Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

 Because robbery is a lesser included offense of aggravated robbery, the first prong of the
Royster test is satisfied. Tex. Penal Code Ann. § 29.03(a)(2) (West 1994). The issue is whether any
evidence exists in the record that would permit a rational jury to find that the defendant is guilty only of
robbery. In other words, was there any evidence that Yetton did not use a deadly weapon during the
commission of the offense? Anything more than a scintilla of evidence permitting the jury to find that if
Yetton is guilty, he is guilty only of the lesser offense, is sufficient to entitle him to a lesser offense charge. 
Bignall, 887 S.W.2d at 23.

 The evidence at trial established that Yetton used or exhibited a deadly weapon in the
course of committing robbery. Fitch testified that: (1) he saw the knife; (2) the knife's blade was silver-colored; (3) the knife was big; (4) the knife had a black handle; and (5) by his estimation the blade was four
or five inches long. Fitch further testified that he was placed in fear of imminent bodily injury or death when
Yetton displayed the knife and that the knife could have caused serious bodily injury or death. The second
victim, Hanson, testified that he also saw the knife. He stated that it appeared to him that Yetton had
handled a knife before. Hanson also indicated that Yetton had threatened him and placed him in fear of
imminent bodily injury or death if he did not comply with Yetton's orders. More specifically, Hanson
testified that he did not want to "get cut" for disobeying Yetton's commands. Furthermore, a police officer
found a knife with a black handle and a silver blade in the red jacket that Yetton had been wearing during
the robbery. This officer testified that the knife produced at trial was the same knife that he found in the
red jacket. Fitch and Hanson both identified the knife produced at trial as the knife used in the robbery. 
Finally, Captain Dan LeMay of the Round Rock Police department testified as an expert witness during
the trial. He testified that in his opinion the knife in question was capable of causing serious bodily injury
or death.

 Appellant does not direct us to any evidence in the record to suggest that he did not use
or exhibit a deadly weapon in the course of committing this offense or that the weapon he employed was
not a deadly weapon. As such, he has not met his burden of establishing that there is some evidence upon
which the lesser offense charge could be based. See Bignall, 887 S.W.2d at 24 (holding that a charge for
a lesser included offense should be included only if evidence, from any source, affirmatively raises the
issue). Appellant argues that the evidence of the existence of a knife was an issue for the jury decide,
claiming that there are two inferences that can be drawn from the testimony: (1) that appellant may have
used or exhibited a knife, or (2) that appellant may not have used a knife. However, these assertions do
not constitute some evidence in the record that if Yetton is guilty, he is guilty of only the lesser offense of
robbery.

 We find that the trial court properly refused an instruction on robbery. Appellant's point
of error is overruled.



CONCLUSION

 Having overruled appellant's single point of error, we affirm the judgment of the trial court.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 6, 1997

Do Not Publish

1. The store intentionally kept a two-dollar bill in the cash register at all times. The store employees
were instructed to give the two-dollar bill to anyone demanding money in order to help identify the money
and the thief when apprehended by the police. 
2. Yetton was not wearing the red jacket when the knife was found. The testimony revealed that
he had given it to a companion who was wearing it in an attempt to confuse the police and the eye
witnesses. Although this tactic did cause some initial confusion, Fitch and Hanson eventually positively
identified Yetton as the person who had robbed the store. This identification was further supported by a
videotape of the robbery.
3. The package of razor blades had been opened and one razor was missing. At the time of his
arrest, Yetton's face was nicked as though he had just shaved. After the arrest, the used razor was found
in the front seat of the car.
4. A person commits robbery if in the course of committing theft and with the intent to obtain or
maintain control of the property, he intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (West 1994).
5. A deadly weapon is anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 1994).


arge. 
Bignall, 887 S.W.2d at 23.

 The evidence at trial established that Yetton used or exhibited a deadly weapon in the
course of committing robbery. Fitch testified that: (1) he saw the knife; (2) the knife's blade was silver-colored; (3) the knife was big; (4) the knife had a black handle; and (5) by his estimation the blade was four
or five inches long. Fitch further testified that he was placed in fear of imminent bodily injury or death when
Yetton displayed the knife and that the knife could have caused serious bodily injury or death. The second
victim, Hanson, testified that he also saw the knife. He stated that it appeared to him that Yetton had
handled a knife before. Hanson also indicated that Yetton had threatened him and placed him in fear of
imminent bodily injury or death if he did not comply with Yetton's orders. More specifically, Hanson
testified that he did not want to "get cut" for disobeying Yetton's commands. Furthermore, a police officer
found a knife with a black handle and a silver blade in the red jacket that Yetton had been wearing during
the robbery. This officer testified that the knife produced at trial was the same knife that he found in the
red jacket. Fitch and Hanson both identified the knife produced at trial as the knife used in the robbery. 
Finally, Captain Dan LeMay of the Round Rock Police department testified as an e