WAGNER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-098-CR

JOSEPH EDWARD WAGNER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Joseph Edward Wagner appeals his felony conviction and forty-year sentence for intentional injury to an elderly person.  In one point, appellant asserts that the trial court erred by denying his request for a jury instruction on the lesser included offenses of reckless and negligent injury to an elderly person.  We affirm. 

The evidence at trial reflects that appellant had an argument with his sixty-six-year-old mother, Joan Daarud, in the early morning hours of August 4, 2005.  As a result of this argument and Joan’s resulting injuries, a jury found appellant guilty of intentionally causing bodily injury to an elderly person.  The trial court found the enhancement felonies—indecency with a child by contact and forgery—to be true and sentenced appellant to forty years’ confinement. This appeal followed.   

We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser included offense.  
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993); 
Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g).  First, the lesser included offense must be included within the proof necessary to establish the offense charged.  
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Second, some evidence must exist in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446. 

Reckless and negligent injury to an elderly individual are lesser included offenses of intentionally or knowingly causing injury to an elderly person.  
Tex. Penal Code Ann.
 § 22.04(a)(3), (f), (g)  (Vernon Supp. 2006); 
see also Torres v. State
, 979 S.W.2d 668, 670 (Tex. App.—San Antonio 1998, no pet).  Therefore, appellant has satisfied the first prong of the 
Rousseau 
test.  
See Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73
.  Accordingly, we must next determine if some evidence in the record exists that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
See Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446. 

Evidence at appellant’s trial showed that Joan Daarud, appellant’s mother, was sixty-six years old in August 2005.  Joan lived in a house in Fort Worth with her two sons, James Wagner and appellant, who was age forty-one.  James was a manic depressive and schizophrenic who lived on social security benefits.  Appellant was unemployed.  Joan testified that the two brothers often argued about cigarettes, beer, and money, about who had “rights” in the house, and whether appellant should get a job.  In the early morning hours of August 4, 2005, after drinking throughout most of the day, James and appellant got into an argument.  The brothers had been drinking, arguing, and fighting for several days, and Joan was “exhausted” from breaking up their confrontations.

Joan testified that at approximately 4:00 a.m., she broke up the argument, asked appellant to come into her room, and offered him a cigarette.  Appellant allegedly shouted, “Whore, bitch, slut, I don’t need your cigarettes,” and struck Joan with his fist in her arm.  Next, he allegedly lunged for her throat, but Joan evaded the blow by throwing herself back on the bed and twisting away.  Joan yelled to James for help; James ran into the bedroom and struck appellant with a stick or handle, knocking him onto the side of the bed.  At this point, Joan fled from the house.

Appellant followed her to the front door and threatened to throw a chair at her, but he ultimately threw it at the door.  Appellant then dropped his pants and “mooned” Joan.  Joan waited outside until a store opened so she could call the police.  When police officers arrived at the house, they found Joan “crying, upset, [and] nervous,” and noticed that she was “shaking” and “apprehensive.” Joan also thought that “her arm might have been broken or injured.”  A police officer removed appellant’s locked bedroom door by taking it off its hinges, found appellant intoxicated and asleep, and arrested him.  When appellant sobered and became more alert, he angrily denied that he had done anything and announced that “he’d do a few months in jail and then he would come back and burn the house down.”

After the incident, Joan’s arm was “swollen and black and blue,” and she had to keep it in a sling for twelve days.  Joan still could not lift anything with the injured arm at the time of trial, which was six months after the incident.

At trial, appellant testified that he turned around to chase James after James poked him.  At that point, according to appellant, he turned around and Joan simply fell on the bed; he may have accidentally knocked Joan over and may have grabbed her arm to catch her.

Appellant was charged with intentionally or knowingly causing bodily injury to a person over sixty-five years of age, “by grabbing or pulling her with his hand or by hitting her with his hand.”  His testimony does not reflect that he might have been guilty of a lesser offense.  

A person acts recklessly when he is aware of but consciously disregards a substantial risk that the result (i.e., injury to an elderly person) will occur.  
Tex. Penal Code Ann.
 § 6.03(c) (Vernon 2003).  A person acts with criminal negligence when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result (i.e., injury to an elderly person) will occur.  
Id
. § 6.03(d).  For both recklessness and criminal negligence, the risk of injury must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise.  
Id. 
§ 6.03(c), (d).

Appellant did not testify that he had accidentally struck Joan with his hands or fists or did any other action that could have caused Joan’s fall.  Appellant also did not testify that he accidentally hit her.  Appellant’s only evidence supporting his claim for a lesser included offense was that he may have knocked her over and may have reached out and grabbed her arm to prevent her from falling.  Accidentally knocking a person over and then reaching out to catch them are not gross deviations from the standard of care that an ordinary person would exercise.  Appellant’s evidence fails to show why it would be rational for a jury to find him guilty of a lesser offense, especially considering the extensive testimony controverting his claims.  
See Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Therefore, appellant failed to satisfy the second prong of 
Rousseau
.  
See Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Accordingly, we overrule appellant’s sole point.  

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.