COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.  2-06-098-CR

 

JOSEPH EDWARD WAGNER                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Joseph Edward
Wagner appeals his felony conviction and forty-year sentence for intentional
injury to an elderly person.  In one
point, appellant asserts that the trial court erred by denying his request for
a jury instruction on the lesser included offenses of reckless and negligent
injury to an elderly person.  We affirm. 








The evidence at trial
reflects that appellant had an argument with his sixty-six-year-old mother,
Joan Daarud, in the early morning hours of August 4, 2005.  As a result of this argument and Joan=s resulting injuries, a jury found appellant guilty of intentionally
causing bodily injury to an elderly person. 
The trial court found the enhancement feloniesCindecency with a child by contact and forgeryCto be true and sentenced appellant to forty years= confinement. This appeal followed.  


We use a two-pronged test to
determine whether a defendant is entitled to an instruction on a lesser
included offense.  Rousseau v. State,
855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919
(1993); Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel
Op.] 1981) (op. on reh=g).  First, the lesser included offense must be
included within the proof necessary to establish the offense charged.  Salinas v. State, 163 S.W.3d 734, 741
(Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672-73; Royster,
622 S.W.2d at 446.  Second, some evidence
must exist in the record that would permit a jury to rationally find that if
appellant is guilty, he is guilty only of the lesser offense.  Salinas, 163 S.W.3d at 741; Rousseau,
855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446. 








Reckless and negligent injury
to an elderly individual are lesser included offenses of intentionally or
knowingly causing injury to an elderly person. 
Tex. Penal Code Ann. ' 22.04(a)(3), (f), (g)  (Vernon
Supp. 2006); see also Torres v. State, 979 S.W.2d 668, 670 (Tex. App.CSan Antonio 1998, no pet). 
Therefore, appellant has satisfied the first prong of the Rousseau test.  See Salinas, 163 S.W.3d at 741; Rousseau,
855 S.W.2d at 672-73.  Accordingly, we
must next determine if some evidence in the record exists that would permit a
jury to rationally find that if appellant is guilty, he is guilty only of the
lesser offense.  See Salinas, 163
S.W.3d at 741; Rousseau, 855 S.W.2d at 672-73; Royster, 622
S.W.2d at 446. 

Evidence at appellant=s trial showed that Joan Daarud, appellant=s mother, was sixty-six years old in August 2005.  Joan lived in a house in Fort Worth with her
two sons, James Wagner and appellant, who was age forty-one.  James was a manic depressive and
schizophrenic who lived on social security benefits.  Appellant was unemployed.  Joan testified that the two brothers often
argued about cigarettes, beer, and money, about who had Arights@ in the
house, and whether appellant should get a job. 
In the early morning hours of August 4, 2005, after drinking throughout
most of the day, James and appellant got into an argument.  The brothers had been drinking, arguing, and
fighting for several days, and Joan was Aexhausted@ from
breaking up their confrontations.








Joan testified that at
approximately 4:00 a.m., she broke up the argument, asked appellant to come
into her room, and offered him a cigarette. 
Appellant allegedly shouted, AWhore, bitch, slut, I don=t need your cigarettes,@ and struck Joan with his fist in her arm.  Next, he allegedly lunged for her throat, but
Joan evaded the blow by throwing herself back on the bed and twisting
away.  Joan yelled to James for help;
James ran into the bedroom and struck appellant with a stick or handle,
knocking him onto the side of the bed. 
At this point, Joan fled from the house.

Appellant followed her to the
front door and threatened to throw a chair at her, but he ultimately threw it
at the door.  Appellant then dropped his
pants and Amooned@ Joan.  Joan waited outside
until a store opened so she could call the police.  When police officers arrived at the house,
they found Joan Acrying,
upset, [and] nervous,@ and noticed
that she was Ashaking@ and Aapprehensive.@ Joan also thought that Aher arm might have been broken or injured.@  A police officer removed
appellant=s locked
bedroom door by taking it off its hinges, found appellant intoxicated and
asleep, and arrested him.  When appellant
sobered and became more alert, he angrily denied that he had done anything and
announced that Ahe=d do a few months in jail and then he would come back and burn the
house down.@

After the incident, Joan=s arm was Aswollen and
black and blue,@ and she had
to keep it in a sling for twelve days. 
Joan still could not lift anything with the injured arm at the time of
trial, which was six months after the incident.








At trial, appellant testified
that he turned around to chase James after James poked him.  At that point, according to appellant, he
turned around and Joan simply fell on the bed; he may have accidentally knocked
Joan over and may have grabbed her arm to catch her.

Appellant was charged with
intentionally or knowingly causing bodily injury to a person over sixty-five
years of age, Aby grabbing
or pulling her with his hand or by hitting her with his hand.@  His testimony does not reflect
that he might have been guilty of a lesser offense.  

A person acts recklessly when
he is aware of but consciously disregards a substantial risk that the result
(i.e., injury to an elderly person) will occur. 
Tex. Penal Code Ann. ' 6.03(c) (Vernon 2003).  A
person acts with criminal negligence when he ought to be aware of a substantial
and unjustifiable risk that the circumstances exist or the result (i.e., injury
to an elderly person) will occur.  Id.
' 6.03(d).  For both recklessness
and criminal negligence, the risk of injury must be of such a nature and degree
that its disregard constitutes a gross deviation from the standard of care that
an ordinary person would exercise.  Id.
' 6.03(c), (d).








Appellant did not testify
that he had accidentally struck Joan with his hands or fists or did any other
action that could have caused Joan=s fall.  Appellant also did not
testify that he accidentally hit her. 
Appellant=s only
evidence supporting his claim for a lesser included offense was that he may
have knocked her over and may have reached out and grabbed her arm to prevent
her from falling.  Accidentally knocking
a person over and then reaching out to catch them are not gross deviations from
the standard of care that an ordinary person would exercise.  Appellant=s evidence fails to show why it would be rational for a jury to find
him guilty of a lesser offense, especially considering the extensive testimony
controverting his claims.  See Salinas,
163 S.W.3d at 741; Rousseau, 855 S.W.2d at 672-73; Royster, 622
S.W.2d at 446.  Therefore, appellant
failed to satisfy the second prong of Rousseau.  See Salinas, 163 S.W.3d at 741; Rousseau,
855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446.  Accordingly, we overrule appellant=s sole point.  

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
A:  LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 22, 2007











[1]See Tex. R. App. P. 47.4.