Koran v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-250-CR

MOHAMAD MAHMOUD KORAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. 
 
Introduction

Appellant Mohamad Mahmoud Koran appeals his conviction for possession of more than four but less than two hundred grams of methamphetamine.  A jury found Koran guilty and, after Koran pleaded guilty to the habitual offender notice alleged in the indictment, assessed his punishment at confinement for life.  In two points, Koran challenges the factual sufficiency of the evidence to support the jury’s verdict and the trial court’s refusal to charge the jury on a lesser included offense.  We will affirm.

II.  
Factual Background

On September 2, 2004, Koran accompanied Jessica Thompson and Mohamad Quoran, Koran’s nephew, to a motel room in Fort Worth.  Fort Worth Police Officer Matt L. Stanley received a call to respond to an alleged sexual assault occurring at a motel room.  When Officer Stanley arrived at the motel and located the particular room where the assault allegedly occurred, the room’s door was open about a foot, and Officer Stanley saw Koran lying naked across a bed in the room.

Inside the room, Officer Stanley discovered an open baggie of what he believed to be methamphetamine lying on a table next to the bed.  The City of Fort Worth Crime Lab later determined that the bag contained 13.74 grams of methamphetamine. 

Police officers also discovered a pair of pants in the room.  They searched the pants for weapons before giving them to Koran
(footnote: 2) and discovered a second baggie of what Officer Stanley believed to be the same substance as that found on the table.  The City of Fort Worth Crime Lab later determined that this second baggie contained 24.06 grams of methamphetamine.  Officer Stanley further testified that he gave the pants discovered in the room to Koran so that he could clothe himself and that the pants appeared to fit Koran.
(footnote: 3)  Officer Stanley, believing Koran to be extremely intoxicated on a substance other than alcohol, arrested him.  

Two days after his arrest, Koran told Detective Roger L. Spivey that he had brought methamphetamine to the motel room.  Detective Spivey testified that Koran admitted to bringing methamphetamine to the motel room that night.  Koran himself testified that he brought methamphetamine to the motel room,  but that it was a smaller amount, which he and Thompson had consumed before police arrived.  Despite his prior admission to bringing a small amount of methamphetamine to the motel room, Koran later testified that the police misunderstood his statement; Koran claimed that he had smoked some methamphetamine in the motel room, but denied bringing it.  

After hearing all of the above evidence, the jury found Koran guilty of possession of methamphetamine of four grams or more but less than two hundred grams.  This appeal followed.

III. 
Factually Sufficient Evidence to Support Conviction

In his first point, Koran complains that the evidence is factually insufficient to support his conviction.  

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact-finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    In performing a factual sufficiency review, we are to give deference to the fact-finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact-finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits an offense of possession of methamphetamine if the person knowingly or intentionally possesses methamphetamine.  
See 
Tex. Health & Safety Code Ann.
 §§ 481.115(a), 481.102(6) (Vernon 2003).  The Texas Health and Safety Code defines “possession” as actual care, custody, control, or management.
  
Id
. at § 481.002(38).  To prove unlawful possession of methamphetamine, the State must show that the defendant 
exercised actual care, custody, control, or management over the contraband
 and that he knew the substance in his possession was a controlled substance.  
See id.
;
 Seals v. State
, 187 S.W.3d 417, 419 (Tex. Crim. App. 2005); 
Jones v. State
, 195 S.W.3d 279, 286 (Tex. App.—Fort Worth 2006, pet. filed).  Evidence supporting these elements may be direct or circumstantial.  
Hudson v. State
, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.).  When the contraband is not found on the accused’s person or it is not in his exclusive possession, additional facts must affirmatively link the accused to the contraband.  
Id
.

Facts that may link a defendant to the controlled substance are (1) the defendant’s presence when the search is executed, (2) whether the contraband was in plain view, (3) the defendant’s proximity to and the accessibility of the narcotic, (4) whether the defendant was under the influence of narcotics when arrested, (5) whether the defendant possessed other contraband when arrested, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) the presence of odor of the contraband, (10) the presence of other contraband or drug paraphernalia, (11) the defendant’s ownership or right of possession of the place where the controlled substance was found, and (12) whether the place the drugs were found was enclosed.  
See Guy v. State
, 160 S.W.3d 606, 612-13 (Tex. App.—Fort Worth 2005, pet. ref’d).  The number of relevant factors is less significant than the logical force to which they establish a link between the accused and the controlled substance.  
See Hudson
, 128 S.W.3d at 374.

Koran claims that the evidence is factually insufficient to show that he knew the baggie of methamphetamine was on the table in the room; he claims that he thought Quoran took the baggie with him when he left.  However, Koran testified that he knew that Mohamad Quoran possessed a baggie containing approximately the same amount of methamphetamine as that found on the motel room table.  Koran also testified that he saw Quoran take an ounce of the methamphetamine with him before he left the room.  This testimony demonstrates that Koran, at the very least, knew that Quoran had left behind some quantity of methamphetamine.  Moreover, an application of the 
Guy 
factors establishes with logical force a link between Koran and the methamphetamine in the baggie on the table.  Koran was the only person present in the motel room when police arrived.  Officer Stanley testified that the baggie of methamphetamine found on the table was in plain view.  Koran was sprawled on the bed next to the table where the baggie of methamphetamine was located.  It appeared to Officer Stanley that Koran was extremely intoxicated on a substance other than alcohol.  Police found a second baggie of methamphetamine in the same room.  Additionally, police discovered a pipe used to smoke methamphetamine in the motel room, and the State offered the pipe without objection.  Collectively, these factors were enough to affirmatively link Koran to the methamphetamine and for a jury to conclude, beyond a reasonable doubt, that Koran possessed the methamphetamine found on the table despite Koran’s testimony that he was unaware of the drugs.  
See Guy
, 160 S.W.3d at 612-13; 
Hudson
, 128 S.W.3d at 374.  The jury’s determination that Koran possessed the baggie on the table—weighing 13.74 grams—was enough to support the verdict of guilt even if it determined that Koran did not possess the 24.06 grams of methamphetamine found in the pants.

Koran also challenges the factual sufficiency of the evidence to establish that the pants, in which police officers found one baggie of methamphetamine weighing 24.06 grams, belonged to him.  Koran claims that the pants belonged to Quoran, not to him.  At trial, Officers Stanley and Chilson testified that the pants fit Koran well.  But Koran and his girlfriend—Elizabeth Al-Rashdan—testified that Koran wore shorts that day and that Quoran always wore baggy pants and that Quoran was wearing pants on the day in question.  Additionally, Officer Chilson testified that he did find a pair of shorts on the floor, and the State admitted several photographs depicting the shorts near the bed where Officer Stanley discovered Koran.  

We are required to give deference to the fact-finder’s determinations involving credibility of witnesses.  
See Zuniga
, 144 S.W.3d at 481-82.
  Here, we cannot say that the evidence was factually insufficient to prove the pants belonged to Koran and that he consequently possessed the second baggie of methamphetamine found in a pocket of the pants.  
Even assuming, however, that the evidence is insufficient in this respect, the evidence is nonetheless sufficient to support the jury’s verdict because the methamphetamine found on the table weighed 13.74 grams—an amount sufficient by itself to convict Koran of possession of four grams or more but less than two hundred grams.

Viewing all the evidence in a neutral light, favoring neither party, we hold that the trial court was rationally justified in finding guilt beyond a reasonable doubt; the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt, and the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met.  
See id. 
at 484-85; 
Gregory v. State
, 159 S.W.3d 254, 261 (Tex. App.—Beaumont 2005, pet. ref’d) (holding that the evidence contrary to the verdict of guilt for possession of methamphetamine was not so strong that the beyond-a-reasonable-doubt standard could not have been met).  We overrule Koran’s first point.

IV.  No Evidence to Support Instruction on Lesser Included Offense

In his second point, Koran claims that the trial court erred by refusing to charge the jury on the lesser included offense of possession of less than one gram of methamphetamine.  Koran claims evidence exists supporting the submission of this lesser included offense because he 
admitted that he brought less than a gram of methamphetamine to the motel room that night. 

We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser included offense.  
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993); 
Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g).  First, the lesser included offense must be included within the proof necessary to establish the offense charged.  
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Second, some evidence must exist in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.

A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
. art. 37.09(1) (Vernon 2000).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh’g).

Second, some evidence must exist in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  The evidence must be evaluated in the context of the entire record.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  There must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.  
Id.
  The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense.  
See Schweinle v. State
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).

Under the first prong of the 
Rousseau 
test, we first determine whether in this case possession of less than one gram is a lesser included offense of possession of four grams or more but less than two hundred grams.  
Salinas
, 163 S.W.3d at 741.  The indictment charged Koran only with possession of four grams or more of methamphetamine, not possession of less than one gram.  At trial, the State proved the quantity of methamphetamine Koran allegedly possessed through the methamphetamine contained in two baggies, which respectively weighed 13.74 grams and 24.06 grams.  There is no evidence that the methamphetamine in these baggies weighed less than one gram.  Although Koran testified that he brought less than one gram of methamphetamine to the motel room, he testified that he and Jessica Thompson smoked it before police arrived.  Thus, the indictment did not charge him with possessing the less than one gram of methamphetamine he and Jessica had used earlier in the day.  Rather, it charged him with possessing the methamphetamine in the baggies found in the motel room and in the pants’ pocket.  Consequently, under these facts, Koran’s admission that he possessed less than one gram of methamphetamine earlier in the day does not entitle him to a lesser included offense jury charge.  
See
 
Campbell v. State
, 149 S.W.3d 149, 155 (Tex. Crim. App. 2004) (affirming trial court’s refusal to give a lesser included offense instruction when defendant admitted he possessed less than one gram of methamphetamine earlier the same day, holding instead that the confession actually concerned  a separate offense, unrelated to the crime for which defendant was charged); 
see Salinas
, 163 S.W.3d at 741.  Accordingly, the first prong of the 
Rousseau
 test has not been met.  Thus, we overrule Koran’s second point.

V.  Conclusion

Having overruled both points presented by Koran, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Officer James Chilson was the officer who searched the pants and found the baggie of methamphetamine.  

3:
Officer Chilson also testified that the pants fit Koran well.