COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

 

NO. 2-05-250-CR

 

 

 

MOHAMAD MAHMOUD KORAN                                             APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction








Appellant Mohamad Mahmoud Koran appeals his
conviction for possession of more than four but less than two hundred grams of
methamphetamine.  A jury found Koran
guilty and, after Koran pleaded guilty to the habitual offender notice alleged
in the indictment, assessed his punishment at confinement for life.  In two points, Koran challenges the factual
sufficiency of the evidence to support the jury=s
verdict and the trial court=s refusal
to charge the jury on a lesser included offense.  We will affirm.

II.  Factual Background

On September 2, 2004, Koran accompanied Jessica
Thompson and Mohamad Quoran, Koran=s
nephew, to a motel room in Fort Worth. 
Fort Worth Police Officer Matt L. Stanley received a call to respond to
an alleged sexual assault occurring at a motel room.  When Officer Stanley arrived at the motel and
located the particular room where the assault allegedly occurred, the room=s door
was open about a foot, and Officer Stanley saw Koran lying naked across a bed
in the room.

Inside the room, Officer Stanley discovered an
open baggie of what he believed to be methamphetamine lying on a table next to
the bed.  The City of Fort Worth Crime
Lab later determined that the bag contained 13.74 grams of methamphetamine. 








Police officers also discovered a pair of pants
in the room.  They searched the pants for
weapons before giving them to Koran[2]
and discovered a second baggie of what Officer Stanley believed to be the same
substance as that found on the table. 
The City of Fort Worth Crime Lab later determined that this second
baggie contained 24.06 grams of methamphetamine.  Officer Stanley further testified that he
gave the pants discovered in the room to Koran so that he could clothe himself
and that the pants appeared to fit Koran.[3]  Officer Stanley, believing Koran to be
extremely intoxicated on a substance other than alcohol, arrested him.  

Two days after his arrest, Koran told Detective
Roger L. Spivey that he had brought methamphetamine to the motel room.  Detective Spivey testified that Koran
admitted to bringing methamphetamine to the motel room that night.  Koran himself testified that he brought
methamphetamine to the motel room,  but
that it was a smaller amount, which he and Thompson had consumed before police
arrived.  Despite his prior admission to
bringing a small amount of methamphetamine to the motel room, Koran later
testified that the police misunderstood his statement; Koran claimed that he
had smoked some methamphetamine in the motel room, but denied bringing it.  

After hearing all of the above evidence, the jury
found Koran guilty of possession of methamphetamine of four grams or more but
less than two hundred grams.  This appeal
followed.








III. Factually
Sufficient Evidence to Support Conviction

In his first point, Koran complains that the
evidence is factually insufficient to support his conviction.  








In reviewing the factual sufficiency of the
evidence to support a conviction, we are to view all the evidence in a neutral
light, favoring neither party.  See
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the
fact-finder was rationally justified in finding guilt beyond a reasonable
doubt.  Id. at 484.  There are two ways evidence may be factually
insufficient:  (1) when the evidence
supporting the verdict or judgment, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt; or (2) when there is
evidence both supporting and contradicting the verdict or judgment and,
weighing all of the evidence, the contrary evidence is so strong that guilt
cannot be proven beyond a reasonable doubt. 
Id. at 484-85.  AThis
standard acknowledges that evidence of guilt can >preponderate= in
favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  
     In performing a factual
sufficiency review, we are to give deference to the fact-finder=s
determinations, including determinations involving the credibility and demeanor
of witnesses.  Id. at 481; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact-finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency review requires an
examination of all the evidence.  Id.
at 484, 486-87.  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).








A person commits an offense of possession of
methamphetamine if the person knowingly or intentionally possesses
methamphetamine.  See Tex. Health & Safety Code Ann. ''
481.115(a), 481.102(6) (Vernon 2003). 
The Texas Health and Safety Code defines Apossession@ as
actual care, custody, control, or management.  Id. at '
481.002(38).  To prove unlawful possession
of methamphetamine, the State must show that the defendant exercised actual
care, custody, control, or management over the contraband and that he knew the
substance in his possession was a controlled substance.  See id.; Seals v. State, 187
S.W.3d 417, 419 (Tex. Crim. App. 2005); Jones v. State, 195 S.W.3d 279,
286 (Tex. App.CFort Worth 2006, pet.
filed).  Evidence supporting these
elements may be direct or circumstantial. 
Hudson v. State, 128 S.W.3d 367, 374 (Tex. App.CTexarkana
2004, no pet.).  When the contraband is
not found on the accused=s person or it is not in his
exclusive possession, additional facts must affirmatively link the accused to
the contraband.  Id.

Facts that may link a defendant to the controlled
substance are (1) the defendant=s
presence when the search is executed, (2) whether the contraband was in plain view,
(3) the defendant=s proximity to and the
accessibility of the narcotic, (4) whether the defendant was under the
influence of narcotics when arrested, (5) whether the defendant possessed other
contraband when arrested, (6) whether the defendant made incriminating
statements when arrested, (7) whether the defendant attempted to flee, (8)
whether the defendant made furtive gestures, (9) the presence of odor of the
contraband, (10) the presence of other contraband or drug paraphernalia, (11)
the defendant=s ownership or right of
possession of the place where the controlled substance was found, and (12)
whether the place the drugs were found was enclosed.  See Guy v. State, 160 S.W.3d 606,
612-13 (Tex. App.CFort Worth 2005, pet. ref=d).  The number of relevant factors is less
significant than the logical force to which they establish a link between the
accused and the controlled substance.  See
Hudson, 128 S.W.3d at 374.













Koran claims that the evidence is factually
insufficient to show that he knew the baggie of methamphetamine was on the
table in the room; he claims that he thought Quoran took the baggie with him
when he left.  However, Koran testified
that he knew that Mohamad Quoran possessed a baggie containing approximately
the same amount of methamphetamine as that found on the motel room table.  Koran also testified that he saw Quoran take
an ounce of the methamphetamine with him before he left the room.  This testimony demonstrates that Koran, at
the very least, knew that Quoran had left behind some quantity of
methamphetamine.  Moreover, an
application of the Guy factors establishes with logical force a link
between Koran and the methamphetamine in the baggie on the table.  Koran was the only person present in the
motel room when police arrived.  Officer
Stanley testified that the baggie of methamphetamine found on the table was in
plain view.  Koran was sprawled on the
bed next to the table where the baggie of methamphetamine was located.  It appeared to Officer Stanley that Koran was
extremely intoxicated on a substance other than alcohol.  Police found a second baggie of methamphetamine
in the same room.  Additionally, police
discovered a pipe used to smoke methamphetamine in the motel room, and the
State offered the pipe without objection. 
Collectively, these factors were enough to affirmatively link Koran to
the methamphetamine and for a jury to conclude, beyond a reasonable doubt, that
Koran possessed the methamphetamine found on the table despite Koran=s
testimony that he was unaware of the drugs. 
See Guy, 160 S.W.3d at 612-13; Hudson, 128 S.W.3d at
374.  The jury=s
determination that Koran possessed the baggie on the tableCweighing
13.74 gramsCwas enough to support the verdict
of guilt even if it determined that Koran did not possess the 24.06 grams of
methamphetamine found in the pants.

Koran also challenges the factual sufficiency of
the evidence to establish that the pants, in which police officers found one
baggie of methamphetamine weighing 24.06 grams, belonged to him.  Koran claims that the pants belonged to
Quoran, not to him.  At trial, Officers
Stanley and Chilson testified that the pants fit Koran well.  But Koran and his girlfriendCElizabeth
Al-RashdanCtestified that Koran wore shorts
that day and that Quoran always wore baggy pants and that Quoran was wearing
pants on the day in question. 
Additionally, Officer Chilson testified that he did find a pair of
shorts on the floor, and the State admitted several photographs depicting the
shorts near the bed where Officer Stanley discovered Koran.  








We are required to give deference to the
fact-finder=s determinations involving
credibility of witnesses.  See Zuniga,
144 S.W.3d at 481-82.  Here, we cannot
say that the evidence was factually insufficient to prove the pants belonged to
Koran and that he consequently possessed the second baggie of methamphetamine
found in a pocket of the pants.  Even
assuming, however, that the evidence is insufficient in this respect, the
evidence is nonetheless sufficient to support the jury=s
verdict because the methamphetamine found on the table weighed 13.74 gramsCan
amount sufficient by itself to convict Koran of possession of four grams or
more but less than two hundred grams.

Viewing all the evidence in a neutral light,
favoring neither party, we hold that the trial court was rationally justified
in finding guilt beyond a reasonable doubt; the evidence supporting the verdict
is not too weak to support the finding of guilt beyond a reasonable doubt, and
the contrary evidence is not so strong that the beyond-a-reasonable-doubt
standard could not have been met.  See
id. at 484-85; Gregory v. State, 159 S.W.3d 254, 261 (Tex. App.CBeaumont
2005, pet. ref=d) (holding that the evidence
contrary to the verdict of guilt for possession of methamphetamine was not so
strong that the beyond-a-reasonable-doubt standard could not have been
met).  We overrule Koran=s first
point.

IV.  No Evidence to Support Instruction on Lesser
Included Offense








In his second point, Koran claims that the trial
court erred by refusing to charge the jury on the lesser included offense of
possession of less than one gram of methamphetamine.  Koran claims evidence exists supporting the
submission of this lesser included offense because he admitted that he brought
less than a gram of methamphetamine to the motel room that night. 

We use a two-pronged test to determine whether a
defendant is entitled to an instruction on a lesser included offense.  Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993); Royster
v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on
reh=g).  First, the lesser included offense must be
included within the proof necessary to establish the offense charged.  Salinas v. State, 163 S.W.3d 734, 741
(Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672-73; Royster,
622 S.W.2d at 446.  Second, some evidence
must exist in the record that would permit a jury to rationally find that if
appellant is guilty, he is guilty only of the lesser offense.  Salinas, 163 S.W.3d at 741; Rousseau,
855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446.








A lesser included offense is defined both in
terms of the offense charged and the facts of the case:  AAn
offense is a lesser included offense if . . . it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged.@ 
Tex. Code Crim. Proc. Ann.
art. 37.09(1) (Vernon 2000).  Therefore,
our analysis of whether an offense is a lesser included offense of the charged
offense must be made on a case-by-case basis. 
Bartholomew v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994);
Day v. State, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh=g).

Second, some evidence must exist in the record
that would permit a jury to rationally find that if appellant is guilty, he is
guilty only of the lesser offense.  Salinas,
163 S.W.3d at 741; Rousseau, 855 S.W.2d at 672-73; Royster, 622
S.W.2d at 446.  The evidence must be
evaluated in the context of the entire record. 
Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  There must be some evidence from which a
rational jury could acquit the defendant of the greater offense while
convicting him of the lesser included offense. 
Id.  The court may not
consider whether the evidence is credible, controverted, or in conflict with
other evidence.  Id.  If there is evidence from any source that
negates or refutes the element establishing the greater offense, or if the
evidence is so weak that it is subject to more than one reasonable inference
regarding the aggravating element, the jury should be charged on the lesser
included offense.  See Schweinle v.
State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v. State,
840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).













Under the first prong of the Rousseau
test, we first determine whether in this case possession of less than one
gram is a lesser included offense of possession of four grams or more but less
than two hundred grams.  Salinas,
163 S.W.3d at 741.  The indictment
charged Koran only with possession of four grams or more of methamphetamine,
not possession of less than one gram.  At
trial, the State proved the quantity of methamphetamine Koran allegedly
possessed through the methamphetamine contained in two baggies, which
respectively weighed 13.74 grams and 24.06 grams.  There is no evidence that the methamphetamine
in these baggies weighed less than one gram. 
Although Koran testified that he brought less than one gram of methamphetamine
to the motel room, he testified that he and Jessica Thompson smoked it before
police arrived.  Thus, the indictment did
not charge him with possessing the less than one gram of methamphetamine he and
Jessica had used earlier in the day.  Rather,
it charged him with possessing the methamphetamine in the baggies found in the
motel room and in the pants= pocket.  Consequently,
under these facts, Koran=s admission that he possessed less than one gram of
methamphetamine earlier in the day does not entitle him to a lesser included
offense jury charge.  See Campbell
v. State, 149 S.W.3d 149, 155 (Tex. Crim. App. 2004) (affirming trial court=s refusal to give a lesser included offense instruction when
defendant admitted he possessed less than one gram of methamphetamine earlier
the same day, holding instead that the confession actually concerned  a separate offense, unrelated to the crime
for which defendant was charged); see Salinas, 163 S.W.3d at 741.  Accordingly, the first prong of the Rousseau
test has not been met.  Thus, we overrule
Koran=s second point.

V.  Conclusion

Having overruled both points
presented by Koran, we affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL F:
LIVINGSTON, DAUPHINOT and WALKER, JJ.

 

DO NOT
PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 19, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]Officer James Chilson was
the officer who searched the pants and found the baggie of
methamphetamine.  





[3]Officer Chilson also
testified that the pants fit Koran well.