COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-378-CR

LONNIE DWAYNE POPE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Lonnie Dwayne Pope appeals his conviction for burglary of a habitation.  After a jury found Pope guilty, he pleaded true to three enhancement allegations.  The jury assessed his punishment at fifty-six years’ confinement, and the trial court sentenced him accordingly.  In three points, Pope challenges the legal and factual sufficiency of the evidence supporting his conviction and claims that the trial court erred by refusing to instruct the jury on two lesser included offenses.  Because the judgment does not accurately reflect the jury’s verdict, we will modify the judgment.  As modified, we will affirm the trial court’s judgment.

II.  Background

Richard Simmons lived in a mobile home.  Simmons permitted Rodney Brimhall and Linda Price to live with him in the mobile home, provided that the two help him out around the house. 

Simmons and Pope’s wife, Renee, had been in a long-term relationship with one another before Renee’s marriage to Pope.  Because the mobile home was purchased during Simmons’s relationship with Renee, Renee claimed an ownership interest in the mobile home.  Although the mobile home’s title was still under the name of the previous owner, Simmons physically possessed the title to the home, and Renee acknowledged that the title was not in her name.

On September 27, 2004, Pope went to Simmons’s mobile home; Brimhall and Price were inside watching a movie.  Brimhall heard Pope outside the front door yelling for Simmons.  Brimhall said that the front door was open when Pope arrived, but said Pope himself shut the door and then knocked.  Brimhall testified that Simmons had previously instructed Brimhall not to allow anyone in the house.  Brimhall opened the door and told Pope that Simmons was not home, but when Brimhall attempted to shut the door, Pope announced, “Never mind.  . . . You’re the SOB that I want -- to talk to.”  Pope then barged through the front door and began hitting Brimhall.  Simmons, Brimhall, and Price all testified that they never gave Pope permission to enter the mobile home that day. 

Both Brimhall and Price testified that after Pope entered the house, he hit Brimhall in the face, kicked him in the mouth, and hit him in the forehead with a computer part.  Price testified that after she ran out to the porch, she saw Pope strike Brimhall with the computer part two or three times.  When Pope began yelling and coming toward Price, Price picked up a pipe to defend herself.  But Pope took the pipe from Price and hit her over the head with it.  Price testified that when Pope hit her with the pipe it put a “dent” in her head and caused her to become sick to her stomach and dizzy to the point she almost passed out.

Despite the blow to her head, Price was able to flee to a neighbor’s home and contact law enforcement.  The Hood County Sheriff’s Department responded and Deputy James Ray Scroggins testified that when he arrived at the scene he noticed that both Price and Brimhall had “head injuries,” and that Brimhall was bleeding from the head.
(footnote: 2)  The Hood County Sheriff’s Department ultimately arrested Pope and he was subsequently indicted. 

The indictment charged Pope with entering Simmons’s habitation without his effective consent and either (1) entering with intent to commit aggravated assault or (2) entering and attempting to commit or committing aggravated assault.
(footnote: 3)  The indictment did not specify either a victim of the aggravated assault or whether Pope caused serious bodily injury or used or exhibited a deadly weapon.  Similar to the indictment, the jury charge did not specify a victim of the aggravated assault.  In contrast to the indictment, however, the jury charge only charged Pope with the second alternative method of burglary of a habitation—entering and attempting to commit or committing aggravated assault, which was defined as committing assault while using or exhibiting a deadly weapon during the commission of the assault.  Pope requested that the jury be charged on the lesser included offenses of criminal trespass and assault; the trial court refused to include the requested lesser included offense charges. 

The jury found Pope guilty of burglary of a habitation as “alleged in the indictment.”  The State submitted a special issue to the jury, requesting that the jury find whether Pope used or exhibited a “computer desk top” as a deadly weapon.  Despite finding Pope guilty of the charged crime, the jury found that Pope did not use or exhibit the “computer desk top” as a deadly weapon.  This appeal followed.

III.  Legal and Factual Sufficiency

In his first and second points, Pope contends that the evidence is legally and factually insufficient to support his conviction 
because no evidence exists that he entered the mobile home without the effective consent of the owner, that he entered with intent to commit assault, that he used a deadly weapon, or that he actually committed an assault.

A.  Sufficiency Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the judgment.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Bowden v. State
, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref’d).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik, 
953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.
 

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

B.  Sufficiency of Evidence
 

Section 30.02 of the penal code defines the offense of burglary.  
See
 
Tex. Penal Code Ann.
 § 30.02 (Vernon 2003). A person commits the offense of burglary of a habitation “if, without the effective consent of the owner, the person (1) enters a habitation . . . with intent to commit a felony, theft[,] or an assault; or . . . (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.”  
Id.
 § 30.02(a)(1), (3).  

1.  Entry without the effective consent of the owner

There is no dispute that Pope entered the mobile home.  Conflicting testimony exists concerning whether the mobile home’s front door was open when Pope arrived and whether Pope knocked on the door before entering.  But even if the door was open and Pope closed the door and knocked on it, as he contends, both Price and Brimhall testified that when Brimhall subsequently attempted to close the door, Pope barged through it into the mobile home.  Simmons, Brimhall, and Price all testified that they never gave Pope permission to enter the mobile home that day.  Viewing this evidence under the above articulated standards of review, legally and factually sufficient evidence exists that Pope entered the mobile home without the consent of Simmons, Brimhall, or Price.  

Pope nonetheless claims that he possessed the effective consent of the owner to enter the mobile home because his wife, Renee, was a co-owner of the mobile home.  Renee testified that she and Simmons bought the mobile home together during the course of their prior relationship.  But she admitted that she had not lived or stayed at the mobile home during the past three or four years and that the title was not in her name.  She said that Simmons physically possessed the mobile home and its title and that he occupied it.  Pope claims that he had implicit consent to enter the mobile home because Renee was a co-owner.

Under the penal code, “owner” means “a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.”  
Id.
 at § 1.07(a)(35)(A) (Vernon 2003).  Possession means actual care, custody, control, or management. 
Id.
 § 1.07(a)(39).  Thus, under the penal code, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant may be alleged as owner. 
 Alexander v. State
, 753 S.W.2d 390, 392 (Tex. Crim. App.1988).  Pope presents no authority, and we have found none, holding that the “co-ownership” allegedly possessed by Renee—which does not involve actual care, custody, or control of the mobile home—somehow confers a greater right of possession to Pope than that possessed by Simmons.  Because Simmons had a superior right of possession to the mobile home, Pope’s entry without Simmons’s effective consent satisfies the “without the effective consent of the owner” element of the offense of burglary.  
Tex. Penal Code Ann.
 § 30.02(a)(1), (3).

2.  Attempting to commit or did commit aggravated assault

The indictment charged Pope with burglary of a habitation and attempting or committing aggravated assault.  
See id. 
§ 30.02(a).  
As pertains to this case, a person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another.  
Id. 
§ 22.01.  A person commits aggravated assault if the person commits assault as defined in section 22.01 and the person uses or exhibits a deadly weapon during the commission of the assault.  
Id.
 § 22.02(a)(2).  To find a person guilty of criminal attempt, the State must prove that the person (1) had the specific intent to commit the offense, (2) did an act amounting to more than mere preparation, and (3) the act tended to effect the commission of the offense intended. 
 
Id. 
§ 15.01(a)
; Herrin v. State
, 125 S.W.3d 436, 440 n.5 (Tex. Crim. App. 2002).  

Because both the indictment and jury charge alleged that Pope committed or attempted to commit aggravated assault, we must determine whether legally and factually sufficient evidence exists that Pope used or attempted to use a deadly weapon that, in the manner of its use is capable of causing death or serious bodily injury.  
See 
Tex. Penal Code Ann.
 §§ 1.07(a)(17)(B), 22.02(a)(2).  Without a specified victim or a specified deadly weapon in the indictment or jury charge, legally and factually sufficient evidence showing that Pope used or attempted to use any object that, in the manner of its use is capable of causing death or serious bodily injury will suffice to support his conviction.  
See Adame v. State
, 69 S.W.3d 581, 584 (Tex. Crim. App. 2002) (Meyers, J., concurring).   Here, the record demonstrates that Pope struck Price over the head with a pipe, causing her to become dizzy and sick to her stomach, putting a “dent” in her head, and causing a “head injur[y],” which required medical attention.  A deadly weapon can be 
anything
 that in the manner of its use is capable of causing death or serious bodily injury.  
Tex. Penal Code Ann.
 § 1.07(a)(17)(B)
; 
Adame
, 69 S.W.3d at 584 (Meyers, J., concurring) (noting that an object may be a deadly weapon by its manner of use).  If an actor uses or intends to use an object in such a way that the object is capable of causing death or serious bodily injury, it is a deadly weapon.  
Adame
, 69 S.W.3d at 584 (Meyers, J., concurring);  
Trevino v. State
, No. 13-02-00353-CR, 2006 WL 1550843, at*27 (Tex. App.—Corpus Christi June 8, 2006, pet. ref’d) (Castillo, J., concurring).  In determining whether an object is a “deadly weapon,” a jury may consider (1) the physical proximity between the alleged victim and the object, (2) any threats or words used by the accused, (3) the size and shape of the object, (4) the potential of the object to inflict death or serious injury, and (5) the manner in which the accused allegedly used the object.  
Adame
, 69 S.W.3d at 584 (Meyers, J., concurring);  
Trevino
, 2006 WL 1550843, at *27 (Castillo, J., concurring).  No one factor is determinative.  
Adame
, 69 S.W.3d at 584 (Meyers, J., concurring).  Each case must be examined on its own facts.  
Id.

Thus, although the court submitted the special issue of whether Pope used or exhibited the “computer desk top” as a deadly weapon, the State was not required to show that Pope actually used the “computer desk top,” or any other weapon, in a deadly manner or that its use caused serious injury.  
See Chavez v. State
, No. 08-04-00319-CR, 2006 WL 2516464, at *4 (Tex. App.—El Paso Aug. 31, 2006, no pet.) (not designated for publication).  Rather, to establish aggravated assault it was necessary to show only that Pope 
intended to use
 any object 
in a manner 
that had the potential to cause death or serious bodily injury.  
See Hill v. State
, 913 S.W.2d 581, 590-91 (Tex. Crim. App. 1996) (Baird, J., concurring and dissenting) (explaining that a telephone cord and a feather could be deadly weapons by their manner of use).  

Price testified that when Pope began approaching her, he yelled that he was “going to finish what he started.”  Pope then took the ten pound pipe from her hands, began swinging it at Price, and ultimately struck her over the head with it.  Price testified that it felt like being hit on the head “with a ton of rocks,” and that she almost passed out.  The State entered the pipe into evidence so that the jury saw it and had the opportunity to assess its weight.  Price identified this exhibit as being that which Pope struck her with.

The physical proximity between Price and the pipe, Pope’s language that he “was going to finish what he started,” the size and weight of the pipe, and the actual use of the pipe collectively constitutes legally and factually sufficient evidence that Pope used or intended to use an object—the pipe—in a manner that caused or had the potential to cause serious bodily injury.  
See 
 
Herrin
, 125 S.W.3d at 440 n.5
; Hill
, 913 S.W.2d at 591 (Baird, J., concurring and dissenting).

Accordingly, viewing all of the evidence in the light most favorable to 
the verdict, we hold that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, including that Pope lacked consent to enter Simmons’s home, that he intentionally, knowingly, or recklessly assaulted Price, and caused or attempted to cause bodily injury to Price while using or intending to use a pipe in a manner that was capable of causing serious bodily injury or death.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789
; 
Hampton
, 165 S.W.3d at 693
.  Moreover, viewing all the evidence in a neutral light, favoring neither party, we hold that the evidence is not so weak that the fact-finder’s determination is clearly wrong and manifestly unjust, nor does the conflicting evidence so greatly outweigh the evidence as to render the fact-finder’s determination manifestly unjust. 
 Watson
, 204 S.W.3d at 414-15, 417
.  

3.  Intent to commit aggravated assault

Also in his second point, Pope claims that there is no evidence that he entered the mobile home with the intent to commit aggravated assault.  Because we have held that the evidence is legally and factually sufficient to establish that Pope entered the mobile home without effective consent and committed or attempted to commit the felony of aggravated assault, the State was not required to prove that he actually entered with the intent to commit aggravated assault.  
Compare
 
Tex. Penal Code Ann.
 § 30.02(a)(1) 
with
 § 30.02(a)(3); 
see also Chavez, 
2006 WL 2516464, at *4. 

4.  Deadly weapon

Finally, Pope argues that because the jury refused to specifically find that the “computer desk top” was used as a deadly weapon, the evidence is insufficient to support his conviction.  Pope’s complaint essentially is that the jury’s apparently inconsistent verdict is fatal.  But we previously held that the evidence was sufficient to support the jury’s finding that Pope caused or attempted to cause bodily injury to Price while using or intending to use a pipe in a manner that was capable of causing serious bodily injury or death.  
Having found that the evidence is sufficient to support Pope’s conviction, the apparent inconsistency between this evidence and the jury’s failure to find that Pope used the “computer desk top” as a deadly weapon does not require reversal of the judgment.  
See Ward, 
113 S.W.3d at 523.
(footnote: 4)
 We overrule Pope’s first and second points.

IV.  Lesser Included Offenses

In his third point, Pope contends that the trial court erred by refusing to instruct the jury on the lesser included offenses of assault and criminal trespass.

A.  Standard of Review for Instructions on Lesser Included Offenses

We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser included offense.  
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993); 
Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g).  First, the lesser included offense must be included within the proof necessary to establish the offense charged.  
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Second, some evidence must exist in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.

B.  No instruction on assault required

As mentioned above, an individual commits assault by intentionally, knowingly, or recklessly causing bodily injury to another.  
Tex. Penal Code Ann.
 § 22.01(a)(1).  An assault is aggravated if it meets the above definition and is committed while using or exhibiting a deadly weapon.  
Id. 
§ 22.02(a).  Nonetheless, assault is not a lesser included offense of aggravated assault when the defendant requests a lesser included offense instruction based on facts not required to establish the commission of the offense charged.  
Irving v. State
, 176 S.W.3d 842, 846 (Tex. Crim. App. 2005).  Here, the State charged Pope with entering Richard Simmons’s habitat without his effective consent and attempting to commit or committing aggravated assault.  There is little doubt that the lesser included offense of assault is within the proof necessary to establish the offense charged.  
Salinas
, 163 S.W.3d at 741.  Thus, the first prong of 
Rousseau
 is satisfied.  

In order to meet the second prong of the 
Rosseau
 analysis, there must be some evidence in the record that if guilty, Pope is only guilty of assault.  The record is replete with evidence that Pope struck Price in the head with a pipe, that as a result Price suffered bodily injury, and that the manner of the pipe’s use was capable of causing serious bodily injury.  And as previously discussed, evidence exists that Pope entered Simmons’s home without his effective consent.  Thus, 
the record does not reflect that a jury could rationally find that if Pope was guilty, he was guilty only of assault. 
 Id.
; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.
  Consequently, we hold that the trial court did not err by denying Pope’s requested instruction on assault.

C.  No instruction on criminal trespass required

As previously defined, burglary of a habitation occurs when a person, without the effective consent of the owner, enters a habitation and commits or attempts to commit an assault. 
 Tex. Pen. Code Ann. 
§ 30.02(a)(3).  A person commits criminal trespass if he enters or remains on or in property of another without effective consent and had notice that the entry was forbidden or received notice to depart but failed to do so. 
 Id. 
§ 30.05(a). 

There is little doubt that the lesser included offense of criminal trespass is within the proof necessary to establish the offense charged.  
Stewart v. State
, 198 S.W.3d 60, 64 (Tex. App.—Fort Worth 2006, no pet.).  Thus, the first prong of 
Rousseau
 is satisfied.  The record does not, however, reflect evidence that Pope is guilty only of criminal trespass.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.
  As mentioned above, the record contained testimony that not only did Pope enter the home without Simmons’s consent, but once inside he struck Price in the head with a pipe.  The record does not reflect that a jury could rationally find that if Pope was guilty, he was guilty only of criminal trespass.  
Salinas
, 163 S.W.3d at 741.  Consequently, we hold that the trial court did not err by denying Pope’s requested instruction on criminal trespass.  We overrule Pope’s third point.

V.  Modification of Judgment

This court has the authority to correct and modify the trial court’s judgment in order to make the record speak the truth.  
See Asberry v. State
, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref’d).
 
 An appellate court may act sua sponte to modify incorrect judgments.  
See id. 
at 529-30.  Such authority is not dependent upon a party’s request or whether a party did or did not object in the trial court.  
See Tyler v. State
, 137 S.W.3d 261, 267-68 (Tex. App.—Houston [1st Dist.] 2004, no pet.);
 Asberry
, 813 S.W.2d at 529-30.

The trial court’s judgment erroneously reflects that Pope was convicted of burglary of a habitation with intent to commit aggravated assault.  Although the indictment charged burglary of a habitation with the intent to commit aggravated assault or burglary of a habitation and attempting to or committing aggravated assault, the jury charge upon which the jury convicted Pope merely charged him with the latter. The trial court nonetheless listed the offense as burglary of a habitation with intent to commit aggravated assault.  

In light of the evidence available to this court and the authority vested in it, we modify the judgment to speak the truth.  
See Asberry
, 813 S.W.2d at 530. 
 We modify the judgment to reflect the jury’s verdict that is authorized by the court’s charge.  Therefore, we modify the judgment to reflect that the jury found Pope guilty of burglary of a habitation and attempting to commit or committing aggravated assault.

VI.  Conclusion

Having overruled Pope’s three points, on our own motion, we modify the trial court’s judgment.  
See
 
Tex. R. App. P.
 43.2(b).  The judgment is modified to reflect that the jury convicted Pope of burglary of a habitation and attempting to commit or committing aggravated assault.

SUE WALKER

JUSTICE

PANEL A:  LIVINGSTON, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Deputy Scroggins also radioed for EMTs, who treated both Price and Brimhall at the scene.

3:
The indictment contained three counts, but the State later dismissed the other two counts.

4:
See also Hoang v. State
, No. 05-03-00543-CR, 2004 WL 1472221, at *2 (Tex. App.—Dallas July 1, 2004, no pet.) (not designated for publication) (holding that “[o]n the issue of guilt or innocence, a deadly weapon finding has absolutely no bearing and is not required for an aggravated assault conviction”); 
Navarro v. State
, No. 03-01-00732-CR, 2002 WL 31258705, at *3 (Tex. App.—Austin Oct. 10, 2002, pet. ref’d) (not designated for publication) (same).