**Opinion filed February 25, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00298-CR

_____

## DERRICK LASHONE HAMMOND, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 22997A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Derrick Lashone Hammond of possessing one to four grams of cocaine with the intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(1) & (3)(D), 481.112(a) & (c) (Vernon Supp. 2009). The jury additionally determined that appellant committed the offense within a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (Vernon Supp. 2009). The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years. Appellant challenges his conviction in three issues. We modify and affirm.

*Background Facts*

The facts relevant to the issues in this appeal are narrow in scope. Officers with the narcotics unit of the Abilene Police Department obtained a search warrant on a business known as "M & M Auto" based upon their suspicion that crack cocaine was being distributed from the business. Upon entering the building pursuant to the search warrant, officers observed appellant sitting behind a desk and a plate containing crack cocaine located on the desk in front of him. The crack cocaine seized from the plate weighed 1.22 grams at the time the officers presented it to the DPS crime lab in Abilene for analysis. Herman Carroll, a DPS forensic scientist at the crime lab, testified that he performed laboratory tests on the substance to confirm that it contained crack cocaine. He further testified that a portion of the crack cocaine was destroyed as a part of the process of testing it. After testing, the remaining crack cocaine weighed .98 grams.

Appellant bases each of his issues on appeal on the fact that the crack cocaine seized from him weighed less than a gram after analysis. In his first and second issues, he challenges the legal and factual sufficiency of the evidence to support the jury's determination that he possessed between one and four grams of cocaine. Appellant asserts in his third issue that the trial court erred in denying his request to include the lesser included offense of possessing less than one gram of cocaine in the court's charge.

*Sufficiency of the Evidence*

Appellant challenges the legal and factual sufficiency of the evidence in his first two issues. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict

is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. The finder of fact is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

In support of his challenges to the sufficiency of the evidence, appellant presents the following argument in his brief:

> The difference in the weight of the cocaine after tests were conducted on the cocaine and the weight before tests were conducted on the cocaine puts into question the initial weight. Because the weight of the cocaine decreased to such a degree, the initial weight could not have been 1.22 grams of cocaine.

We note at the outset that there was no evidence offered at trial that supports appellant's argument. Furthermore, Carroll testified that the amount of .24 grams that he destroyed during the testing process was consistent with the amount normally used in testing cocaine.

Under the applicable standard of review for a legal sufficiency challenge, we must view the evidence in the light most favorable to the jury's verdict. Carroll testified that the cocaine presented to the DPS crime lab for analysis weighed 1.22 grams. Based upon this evidence, any rational trier of fact could have found beyond a reasonable doubt that appellant possessed between one and four grams of cocaine. Appellant's first issue is overruled.

With respect to appellant's factual sufficiency challenge, we are required to view all of the evidence in a neutral light. In addition to testifying that the substance weighed 1.22 grams when police officers presented it to the DPS crime lab for testing, Carroll testified that a portion of it was destroyed during analysis. He additionally testified that the amount destroyed during testing was an amount normally used in testing cocaine. The evidence supporting the jury's determination that appellant possessed between one and four grams of cocaine is not so weak that the verdict is clearly wrong and manifestly unjust. Furthermore, the jury's determination is not against the great weight and preponderance of any conflicting evidence. Appellant's second issue is overruled.

*Lesser Included Offense*

A defendant is entitled to a jury charge on a lesser included offense if two requirements are met. *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). First, the defendant must request an instruction on a lesser included offense of the charged offense under TEX. CODE CRIM.

PROC. ANN. art. 37.09 (Vernon 2006). *Flores*, 245 S.W.3d at 439; *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993) (citing *Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981)). Second, there must be "some evidence" that, if the defendant is guilty, he is guilty only of the lesser included offense. *Flores*, 245 S.W.3d at 439; *Rousseau*, 855 S.W.2d at 672 (citing *Royster*, 622 S.W.2d 442). Evidence from any source may raise such a defensive issue. *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on the lesser included offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). In making our determination, we must review all evidence presented at trial. *Rousseau*, 855 S.W.2d at 673. We review the trial court's decision regarding a lesser included offense charge under an abuse of discretion standard. *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd, untimely filed).

The State concedes that possession of less than one gram of cocaine is a lesser included offense in this appeal. Appellant contends that a charge on the lesser included offense was required under the second prong of the test because the jury could have found that he possessed less than one gram of cocaine based upon its weight after lab analysis. We disagree. In order to be entitled to a charge on a lesser included offense, the evidence must establish the lesser included offense as a valid, rational alternative to the charged offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). This means the evidence must allow a jury to rationally conclude that appellant was guilty only of the lesser offense. *Id.* at 113-14. The jury could not have rationally concluded that appellant possessed less than one gram of cocaine because the evidence establishes that the tested substance weighed 1.22 grams when it was presented to the DPS crime lab for analysis and that a portion of it was destroyed during testing.

The Corpus Christi Court of Appeals faced a similar contention in *Phifer v. State*, No. 13-97-00390-CR, 1998 WL 35276377 (Tex. App.—Corpus Christi July 16, 1998, no pet.) (not designated for publication). The cocaine seized in *Phifer* weighed 1.16 grams. The appellant in *Phifer* contended that he should been have entitled to a lesser included charge of possession of less than one gram because the cocaine may have absorbed perspiration, water, or humidity when the officers that seized it held the cocaine in their hands. The court of appeals rejected the appellant's argument on the basis that it was speculative and unsupported by the record. These factors are also present in this

4

appeal.  Appellant was not entitled to a lesser included charge of possession of less than one gram because his contention is based on speculation and is not supported by the record.  Appellant's third issue is overruled.

*This Court's Ruling*

The judgment of the trial court is modified to reflect that the trial court assessed punishment. As modified, the judgment is affirmed.

TERRY McCALL

JUSTICE

February 25, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.