# NO. 12-10-00390-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD CHARLES CARTER,* <br> *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

A jury convicted Appellant, Richard Charles Carter, of the offense of delivery of a controlled substance in a drug free zone. Following their finding of guilt and Appellant's entry of pleas of "true" to the two enhancement allegations, the jury assessed Appellant's punishment at imprisonment for life. In two issues, Appellant maintains the trial court reversibly erred (1) in admitting an improperly authenticated map that contained impermissible hearsay evidence, and (2) by denying Appellant's timely requested instruction on a lesser included offense. We affirm.

### BACKGROUND

Undercover officers of the Tyler Police Department attempting to make a drug buy were led to a home on Ross Street in North Tyler where they met Appellant. They left the house on Ross Street with Appellant and drove to another location where Appellant left the vehicle and returned with five rocks of crack cocaine.

To show that the sale took place within 1,000 feet of Austin Elementary School, a drug free zone, the State sought to introduce a map. Appellant challenged the introduction of the map objecting that the witness was not qualified to testify that the map accurately represented a drug free zone, that the map contained hearsay evidence, and that the map had not been properly

authenticated under Texas Rule of Evidence 901. The trial court overruled the objections.

Prior to the submission of the court's charge to the jury, Appellant requested a charge on the lesser included offense of delivery of a controlled substance in addition to the charge on delivery in a drug free zone. The trial court denied the request.

**ADMISSION OF MAP**

In his first issue, Appellant claims the trial court erred in admitting in evidence a map of a portion of the City of Tyler upon which a line had been drawn depicting a 1,000 foot circle from Austin Elementary School to illustrate the boundary of a drug free zone. At trial, Appellant objected to its admission on the basis that it was "hearsay, as well as under Rule 901." On appeal, Appellant objects that there was no predicate showing (1) that the map had been produced or reproduced by a municipal or county engineer for the purpose of showing drug free zones, and (2) that the governing body of the municipality or county had adopted a resolution or ordinance approving the map as an official record as required by Texas Health and Safety Code, Section 481.135(a). Appellant also maintains that the map contained hearsay and the trial court erred in admitting it.

**Standard of Review**

A trial court's decision to admit evidence over an objection is reviewed for abuse of discretion. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). If the decision of the trial court is within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it will be upheld on appeal. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

**Applicable Law**

In a prosecution under Texas Health and Safety Code, Section 481.134 ("Drug-Free Zones"), a map produced or reproduced by a municipal or county engineer for the purpose of showing the location and boundaries of drug free zones is admissible as prima facie evidence of the location or boundaries of those areas if the governing body of the municipality or county adopts a resolution or ordinance approving the map as an official finding and record of the boundaries and location of drug free zones. TEX. HEALTH & SAFETY CODE ANN. § 481.135(a) (Vernon 2010). However, the state is not prevented from introducing any other map or diagram otherwise admissible under the Texas Rules of Evidence in order to prove the boundary of the

drug free zones.  *Id*. § 481.135(d).  Error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected and a timely objection appears of record stating the specific ground of objection.  TEX. R. EVID. 103(a).  To preserve a complaint for appellate review, the issue on appeal must comport with the objection raised at trial.  *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  The trial court's error in admitting inadmissible evidence can be rendered harmless if other evidence proving the same fact is admitted without objection.  *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. 1986); *Land v. State*, 291 S.W.3d 23, 28 (Tex. App.–Texarkana 2009, pet. ref'd).

## Discussion

At trial, Appellant objected to the admission of the map showing the drug free zone around Austin Elementary School, because no proper predicate had been laid for its introduction under Texas Rule of Evidence 901.  The trial court agreed and required the State to elicit more evidence from the sponsoring witness sufficient to show that the map was what it purported to be.

On appeal, Appellant complains that the trial court erred in admitting the map, because the State failed to establish the proper predicate under Texas Health and Safety Code, Section 481.135.  This complaint was not preserved by a timely objection raised at trial.  *See* TEX. R. APP. P. 33.1(a).  To preserve error for appellate review, the issue on appeal must comport with the objection made at trial.  *Wilson*, 71 S.W.3d at 349.  Thus, error on this basis is waived.

A properly authenticated exhibit may be inadmissible for other reasons.  Appellant contends that the officer who was the sponsoring witness did not draw the line marking the boundary of the drug free zone and had not verified that the line correctly described a 1,000 foot circle around Austin Elementary School.  The officer conceded that he simply relied on the line drawn on the map by "GIS."

However, even if we assume that the trial court erred in overruling Appellant's hearsay objection, the error was harmless.  Evidence that the drug transaction took place within 1,000 feet of Austin Elementary School was admitted without objection on at least four other occasions.  Detective Shields, who bought the crack cocaine, testified the transaction occurred within 1,000 feet of Austin Elementary School.  Detective Elliott was also present when Appellant delivered the drugs.  He testified three times without objection that the transaction took place within 1,000 feet of Austin Elementary School.  Error, if any, in admitting the

3

challenged map was harmless.  Appellant's first issue is overruled.


**LESSER INCLUDED OFFENSE**

In his second issue, Appellant maintains the trial court erred in denying his request for a charge on the lesser included offense of simple delivery of a controlled substance  (not inside a drug free zone).  Appellant timely requested such an instruction.

**Applicable Law**

An instruction on a lesser included offense requested by the defense is required only if (1) the lesser offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that would permit a jury rationally to find that, if guilty, the defendant is guilty of only the lesser included offense.  ***Royster v. State***, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981).  In considering whether to give a charge on a lesser offense, the court must not consider either the credibility of evidence raising the lesser offense or whether it conflicts with other evidence.  ***Saunders v. State***, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992).  "[I]t is insufficient that the jury might disbelieve evidence pertaining to the greater offense; rather, there must be some evidence directly germane to the lesser included offense for the finder of fact to consider before an instruction on a lesser included offense is warranted."  43 George E. Dix & John M. Schmolesky, TEXAS PRACTICE:  CRIMINAL PRACTICE AND PROCEDURE § 43.49 (3rd ed. 2011).

**Discussion**

Delivery of a controlled substance is established by proof of the same or less than all the facts required to establish the commission of the offense of delivery of a controlled substance in a drug free zone.  We conclude that simple delivery is a lesser included offense of delivery of a controlled substance in a drug free zone.  However, Appellant concedes that there is no affirmative evidence of the second ***Royster*** requirement, that, if he is guilty at all, he is only guilty of delivery of a controlled substance (not within a drug free zone).  Instead, he argues that since it was possible for the jury to disbelieve the two officers who testified that the drug delivery took place inside the drug free zone and yet believe that a drug transaction took place, they could have found him guilty of only the lesser included offense.

As the State points out, that is simply not the test.  There must be some affirmative evidence in the record that, if the defendant is guilty, he is guilty of only the lesser offense.

*Royster*, 622 S.W.2d at 446.  It is not sufficient that the jury may disbelieve crucial evidence pertaining to the greater offense.  *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).  Appellant's second issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

## BILL BASS
Justice

Opinion delivered June 8, 2011.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)