MARY'S OPINION HEADING 








NO. 12-10-00390-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

RICHARD CHARLES
CARTER,                §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            A
jury convicted Appellant, Richard Charles Carter, of the offense of delivery of
a controlled substance in a drug free zone.  Following their finding of guilt
and Appellant’s entry of pleas of “true” to the two enhancement allegations,
the jury assessed Appellant’s punishment at imprisonment for life.  In two
issues, Appellant maintains the trial court reversibly erred (1) in admitting
an improperly authenticated map that contained impermissible hearsay evidence,
and (2) by denying Appellant’s timely requested instruction on a lesser
included offense.  We affirm.

 

Background

            Undercover
officers of the Tyler Police Department attempting to make a drug buy were led
to a home on Ross Street in North Tyler where they met Appellant.  They left
the house on Ross Street with Appellant and drove to another location where
Appellant left the vehicle and returned with five rocks of crack cocaine.

            To
show that the sale took place within 1,000 feet of Austin Elementary School, a
drug free zone, the State sought to introduce a map.  Appellant challenged the
introduction of the map objecting that the witness was not qualified to testify
that the map accurately represented a drug free zone, that the map contained
hearsay evidence, and that the map had not been properly authenticated under
Texas Rule of Evidence 901.  The trial court overruled the objections.

            Prior
to the submission of the court’s charge to the jury, Appellant requested a
charge on the lesser included offense of delivery of a controlled substance in
addition to the charge on delivery in a drug free zone.  The trial court denied
the request.

 

Admission of Map

            In
his first issue, Appellant claims the trial court erred in admitting in
evidence a map of a portion of the City of Tyler upon which a line had been
drawn depicting a 1,000 foot circle from Austin Elementary School to illustrate
the boundary of a drug free zone.  At trial, Appellant objected to its
admission on the basis that it was “hearsay, as well as under Rule 901.”  On
appeal, Appellant objects that there was no predicate showing (1) that the map
had been produced or reproduced by a municipal or county engineer for the
purpose of showing drug free zones, and (2) that the governing body of the
municipality or county had adopted a resolution or ordinance approving the map
as an official record as required by Texas Health and Safety Code, Section 481.135(a).  Appellant also maintains that
the map contained hearsay and the trial court erred in admitting it.

Standard
of Review

            A
trial court’s decision to admit evidence over an objection is reviewed for
abuse of discretion.  McCarty v. State, 257 S.W.3d 238, 239 (Tex.
Crim. App. 2008).  If the decision of the trial court is within the zone of
reasonable disagreement and was correct under any theory of law applicable to
the case, it will be upheld on appeal.  Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990).

Applicable
Law

            In
a prosecution under Texas Health and Safety Code, Section 481.134 (“Drug-Free
Zones”), a map produced or reproduced by a municipal or county engineer for the
purpose of showing the location and boundaries of drug free zones is admissible
as prima facie evidence of the location or boundaries of those areas if the
governing body of the municipality or county adopts a resolution or ordinance
approving the map as an official finding and record of the boundaries and
location of drug free zones.  Tex.
Health & Safety Code Ann. § 481.135(a) (Vernon 2010).  However, the state
is not prevented from introducing any other map or diagram otherwise admissible
under the Texas Rules of Evidence in order to prove the boundary of the drug
free zones.  Id. § 481.135(d).  Error may not be predicated upon
a ruling that admits or excludes evidence unless a substantial right of the
party is affected and a timely objection appears of record stating the specific
ground of objection.  Tex. R. Evid.
103(a).  To preserve a complaint for appellate review, the issue on appeal must
comport with the objection raised at trial.  Wilson v. State, 71
S.W.3d 346, 349 (Tex. Crim. App. 2002).  The trial court’s error in admitting
inadmissible evidence can be rendered harmless if other evidence proving the
same fact is admitted without objection.  Anderson v. State, 717
S.W.2d 622, 628 (Tex. 1986); Land v. State, 291 S.W.3d 23, 28
(Tex. App.–Texarkana 2009, pet. ref’d).

Discussion

            At
trial, Appellant objected to the admission of the map showing the drug free
zone around Austin Elementary School, because no proper predicate had been laid
for its introduction under Texas Rule of Evidence 901.  The trial court agreed
and required the State to elicit more evidence from the sponsoring witness
sufficient to show that the map was what it purported to be.

            On
appeal, Appellant complains that the trial court erred in admitting the map,
because the State failed to establish the proper predicate under Texas Health
and Safety Code, Section 481.135.  This complaint was not preserved by a timely
objection raised at trial. See Tex.
R. App. P. 33.1(a).  To preserve error for appellate review, the issue
on appeal must comport with the objection made at trial.  Wilson,
71 S.W.3d at 349.  Thus, error on this basis is waived.

            A
properly authenticated exhibit may be inadmissible for other reasons. 
Appellant contends that the officer who was the sponsoring witness did not draw
the line marking the boundary of the drug free zone and had not verified that
the line correctly described a 1,000 foot circle around Austin Elementary
School.  The officer conceded that he simply relied on the line drawn on the
map by “GIS.”

            However,
even if we assume that the trial court erred in overruling Appellant’s hearsay
objection, the error was harmless.  Evidence that the drug transaction took
place within 1,000 feet of Austin Elementary School was admitted without
objection on at least four other occasions.  Detective Shields, who bought the
crack cocaine, testified the transaction occurred within 1,000 feet of Austin
Elementary School.  Detective Elliott was also present when Appellant delivered
the drugs.  He testified three times without objection that the transaction
took place within 1,000 feet of Austin Elementary School.  Error, if any, in
admitting the challenged map was harmless.  Appellant’s first issue is
overruled.

 

Lesser Included Offense

            In
his second issue, Appellant maintains the trial court erred in denying his
request for a charge on the lesser included offense of simple delivery of a
controlled substance  (not inside a drug free zone).  Appellant timely
requested such an instruction.

Applicable
Law

            An
instruction on a lesser included offense requested by the defense is required
only if (1) the lesser offense is included within the proof necessary to
establish the offense charged, and (2) some evidence exists in the record that
would permit a jury rationally to find that, if guilty, the defendant is guilty
of only the lesser included offense.  Royster v. State, 622
S.W.2d 442, 446 (Tex. Crim. App. 1981).  In considering whether to give a
charge on a lesser offense, the court must not consider either the credibility
of evidence raising the lesser offense or whether it conflicts with other
evidence.  Saunders v. State, 840 S.W.2d 390, 391 (Tex. Crim.
App. 1992).  “[I]t is insufficient that the jury might disbelieve evidence
pertaining to the greater offense; rather, there must be some evidence directly
germane to the lesser included offense for the finder of fact to consider
before an instruction on a lesser included offense is warranted.”  43 George E.
Dix & John M. Schmolesky, Texas
Practice:  Criminal Practice and Procedure § 43.49 (3rd ed. 2011).

Discussion

            Delivery
of a controlled substance is established by proof of the same or less than all
the facts required to establish the commission of the offense of delivery of a
controlled substance in a drug free zone.  We conclude that simple delivery is
a lesser included offense of delivery of a controlled substance in a drug free
zone.  However, Appellant concedes that there is no affirmative evidence of the
second Royster requirement, that, if he is guilty at all, he is
only guilty of delivery of a controlled substance (not within a drug free
zone).  Instead, he argues that since it was possible for the jury to
disbelieve the two officers who testified that the drug delivery took place
inside the drug free zone and yet believe that a drug transaction took place,
they could have found him guilty of only the lesser included offense.

            As
the State points out, that is simply not the test.  There must be some
affirmative evidence in the record that, if the defendant is guilty, he is
guilty of only the lesser offense.  Royster, 622 S.W.2d at 446. 
It is not sufficient that the jury may disbelieve crucial evidence pertaining
to the greater offense.  Hampton v. State, 109 S.W.3d 437, 441
(Tex. Crim. App. 2003).  Appellant’s second issue is overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

 

Bill Bass

    
Justice

 

 

 

 

Opinion delivered June 8, 2011.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)